PETER W. MACEY *vs.* COMMONWEALTH.

Suffolk.    April 3, 1967. — May 3, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Practice, Criminal,* Plea, Assistance of counsel.

Arraignment of the defendant in 1950 on noncapital indictments to which he pleaded not guilty was not a critical stage in the proceedings against him, and he was not prejudiced by not being represented by counsel at the arraignment, where it appeared that on the date set for trial, as a result of a conference with counsel then representing him and without having filed a motion to withdraw his pleas of not guilty, the defendant pleaded guilty to the indictments and was sentenced.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on June 9, 1966.

The case was reserved and reported by *Whittemore, J.,* without decision.

. *Chester C. Paris* for the petitioner.

*Willie J. Davis,* Assistant Attorney General, for the respondent.

WHITTEMORE, J.    This petition for writ of error was reserved and reported by a single justice on the petition, the answer, the return, the findings of the single justice and one assignment of error.    The error assigned is that the petitioner was not represented by counsel when he was arraigned in the Superior Court on October 13, 1950, and pleaded not guilty on six indictments, each for breaking and entering in the nighttime and larceny.

Although no appearance was entered, the petitioner was represented by counsel on October 27, 1950, the day set for trial.    On that day, after conferring with counsel and as a

result of the conference,[1] the petitioner decided to plead guilty. He did so and sentences were imposed.

The petitioner relies on *Hamilton* v. *Alabama*, 368 U. S. 52. Hamilton, sentenced to death on a count for breaking and entering with intent to ravish, alleged error in that he had been without counsel when he pleaded not guilty on his arraignment. The Alabama court refused post-conviction relief because there was no showing that the petitioner "was disadvantaged in any way." The Supreme Court reversed the judgment. The court ruled that arraignment under Alabama law was a critical stage for "then . . . the defense of insanity must be pleaded . . . or the opportunity is lost. . . . Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal. . . . Pleas in abatement [and motions to quash] must also be made at the time of arraignment. . . . When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. . . . [Cases cited.] In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently."

In *White* v. *Maryland*, 373 U. S. 59, the petitioner had entered a plea of guilty at a preliminary hearing when he was not represented by counsel. Later, with counsel, he pleaded not guilty and not guilty by reason of insanity but at the ensuing trial the prior plea of guilty was introduced in evidence. Plainly the preliminary hearing had become a "critical" stage in the proceeding and the petitioner was prejudiced.

---

[1] Prior to the conference with the defendant the attorney conferred with the district attorney "and with representatives from Worcester County, from New Hampshire and, as he recalls, from California, who were in the district attorney's office. He ascertained from them that if the petitioner should be sentenced for a substantial time, as the Middlesex District Attorney was prepared to request, on . . . plea[s] of guilty or . . . conviction[s], they would recommend, or undertake to see, that the petitioner not be prosecuted in their jurisdictions. (The petitioner testified that after he had begun to serve his term he was informed in some way, that those other charges had been dropped.)"

To show that the arraignment was a critical stage, the petitioner relies on our decisions holding that the pleas were an admission of the validity of the indictments and a waiver of all matters in abatement, and that no pleas to abate might thereafter be filed without leave of court.[2] *Commonwealth* v. *Wakelin,* 230 Mass. 567, 570, and cases cited. *Lebowitch, petitioner,* 235 Mass. 357, 362–363, and cases cited. See *Commonwealth* v. *Greenberg,* 339 Mass. 557, 564. The exercise of discretion not to allow withdrawal of a plea was not subject to exception, *Commonwealth* v. *Blake,* 12 Allen, 188, *Commonwealth* v. *Tucker,* 189 Mass. 457, 463, nor to review on writ of error. *Lebowitch, petitioner, supra.*

Passing the question whether the *Hamilton* case rule would be applied in all respects in a noncapital case, the issues are whether in the circumstances (1) the arraignment was a critical stage of the proceedings[3] and (2) there was the possibility of prejudice or (3) the absence of prejudice is affirmatively shown.

The controlling circumstance is, we think, the subsequent pleas of guilty after consultation with counsel. Those

[2] The rule is now otherwise. See Rule 101A of the Superior Court adopted October 30, 1964, effective December 1, 1964, ''A plea of not guilty, whether voluntarily made by the defendant or entered by order of the Court, shall not be deemed to be a waiver of matters in bar or abatement or an admission of the validity of the indictment or complaint. A defendant at the time of the entry of such plea, or within ten days thereafter or within such further time as the Court may order, may file such motions and other pleadings relating to matters in bar or abatement or to the validity of the indictment or complaint as he may desire without at any time retracting the plea of not guilty. Lack of jurisdiction or the failure of the indictment or complaint to charge an offense may be raised at any time during the pendency of the proceedings.'' See also G. L. c. 277, § 47A (inserted by St. 1965, c. 617, § 1), providing in part: ''The motion shall be made before the plea is entered, but may either by a general court rule or by order of the justice be made within a reasonable time thereafter.''

[3] Cases are not in point that deal with a prior plea on a probable cause hearing inasmuch as that plea does not affect the right to move to abate or quash an ensuing indictment. *Commonwealth* v. *O'Leary,* 347 Mass. 387, 389. *United States ex rel. Cooper* v. *Reincke,* 333 F. 2d 608, 611–612 (2d Cir.), cert. den. sub nom. *Cooper* v. *Reincke, Warden,* 379 U. S. 909. See *McGill* v. *United States,* 348 F. 2d 791, 793–794 (Ct. App. D. C.); *United States ex rel. Caccio* v. *Fay, Warden,* 350 F. 2d 214, 216 (2d Cir.); *Vitoratos* v. *Maxwell, Warden,* 351 F. 2d 217, 221 (6th Cir.), cert. den. 383 U. S. 105; *Wilson, Warden,* v. *Harris,* 351 F. 2d 840, 844 (9th Cir.), cert. den. sub nom. *Harris* v. *Wilson, Warden,* 383 U. S. 951.

pleas made irrelevant many constitutional issues.  *Garvin* v. *Comonwealth,* 351 Mass. 661, 663, and cases cited.  In *United States ex rel. Maisenhelder* v. *Rundle, Superintendent,* 349 F. 2d 592, 595 (3d Cir.), the petitioner without counsel had pleaded guilty at a preliminary hearing and at the later formal arraignment with counsel present he again pleaded guilty.  The plea at the preliminary hearing did not affect any rights (see fn. 3), but the court said, "Additionally, a voluntary and intentional plea of guilty on the advice of counsel constitutes a waiver to any objection of prior proceedings which may also include violation of defendant's rights."  Accord, *United States* v. *French,* 274 F. 2d 297 (7th Cir.); *United States ex rel. Staples* v. *Pate, Warden,* 332 F. 2d 531, 533–534 (7th Cir.), and cases cited. We assume that, notwithstanding the waiver involved in the pleas, the petitioner might show that the violation of a constitutional right had affected the decision to plead.  The facts do not suggest the relevance of such an exception in this case.

Plainly no attorney having any ground for believing that there was tenable basis to abate the indictments would let the prior pleas of not guilty affect his advice in respect of pleading guilty without first ascertaining whether he might have leave to withdraw those prior pleas.  The absence of such a motion is, we think, a reasonable showing that the prior pleas, and their possible restriction of defences, did not affect the pleas of guilty.[4]  The findings show affirmatively or suggest some other considerations that may have underlain the decision so to plead.  See fn. 1.

We conclude therefore that the arraignment, as the case turned out, was not a critical stage and that although there was on October 13, 1950, the possibility of prejudice, the absence of prejudice sufficiently appears to make the *Ham-*

---

[4] Had the defendant, by counsel, made a motion for leave to withdraw the pleas of not guilty and to file preliminary motions or pleas, and had such motions been denied, it would appear that notwithstanding our earlier cases we could now in the light of the *Hamilton* case review that action on writ of error.  See *McGill* and *Vitoratos* cases, fn. 3.  But this, of course, could not have been known in 1950, and the consideration is irrelevant to the issue.

*ilton* case inoperative.   In *United States ex rel. Cooper* v. *Reincke,* 333 F. 2d 608, 611 (2d Cir.), cert. den. sub nom. *Cooper* v. *Reincke, Warden,* 379 U. S. 909, the court said, after reviewing the *Hamilton* and *White* cases, that "the 'critical' point is to be determined both from the nature of the proceedings and from that which actually occurs in each case."   In *Anderson* v. *United States,* 352 F. 2d 945, 946–947 (Ct. App. D. C.), the court, after observing that there is a right to counsel at arraignment, held, "In this noncapital case, where the record affirmatively shows that no prejudice resulted from the plea of not guilty without counsel . . . we cannot say that a reversal is required."

Additionally, as the prior pleas of not guilty are to be taken as not related to the decision to enter the pleas of guilty, those pleas effectively waived the absence of counsel when the prior pleas were entered.   *Garvin, Maisenhelder, French,* and *Staples* cases, *supra.*

<div align="right">

*Judgments affirmed.*