**Peter W. MACEY, Petitioner, Appellant,**

v.

**Palmer C. SCAFATI, Superintendent, Respondent, Appellee.**

**No. 7083.**

United States Court of Appeals
First Circuit.

May 29, 1968.

———◆———

Chester C. Paris, Wakefield, Mass., with whom Joseph J. Balliro, Boston, Mass., was on brief, for appellant.

Willie J. Davis, Asst. Atty. Gen., with whom Elliot L. Richardson, Atty. Gen., Howard M. Miller, Asst. Atty. Gen., and Richard L. Levine, Deputy Asst. Atty. Gen., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from the denial of a petition for habeas corpus. The petitioning defendant, in 1950 when such procedure was common, was permitted to plead not guilty at his arraignment in the state court in the absence of representation. By so pleading he became unable to plead in abatement except in the court's subsequent discretion. Chin Kee v. Commonwealth, Mass.1968, 235 N.E.2d 787. Thereafter he obtained counsel and changed his plea to guilty. Counsel did not seek leave to plead in abatement; nor is it presently asserted that any basis existed for so doing. Nor is it claimed that defendant's guilty plea was in any way involuntary. Defendant is now imprisoned under sentence. He recently sought post-conviction relief in the state court on the ground of lack of representation at his arraignment, citing Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. This was denied. Macey v. Commonwealth, Mass. 1967, 226 N.E.2d 225. He continued his search in the district court, where his petition was dismissed without hearing, and now appeals.

In Hamilton v. State of Alabama the Court said that in the context of Alabama procedure an arraignment is a vital part of the trial, and that lack of representation is fatal whether prejudice can be shown or not. We need not decide whether, had defendant not thereafter pleaded guilty, the result here would be the same. See Chin Kee v. Commonwealth, supra. A plea of guilty waives many matters. See, e. g., Busby v. Holman, 5 Cir., 1966, 356 F.2d 75; United States ex rel. Maisenhelder v. Rundle, 3 Cir., 1965, 349 F. 2d 592. We agree with the Massachusetts court that the waiver includes the prior lack of representation in the present situation. Cf. Canizio v. People of State of New York, 1946, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545.

Affirmed.