COMMONWEALTH *vs.* JOHN G. ZION.

Middlesex.   May 3, 1971. — June 7, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, QUIRICO, & BRAUCHER, JJ.

*Practice, Criminal,* Examination of defendant by department of mental health, Plea, Appeal.

There was no merit in a contention of a defendant indicted for various felonies that a report under G. L. c. 123, by the assistant medical director of the Bridgewater State Hospital on a letterhead of the Department of Correction stating the defendant's history as bearing on his mental condition, and concluding that he was "competent to stand trial," was the report "of the correctional authorities, not the department of mental health." [561]

Accepted pleas of guilty during the course of a trial on indictments charging the commission of felonies foreclosed the right of the defendant on appeal to this court to a decision on nonjurisdictional legal questions with respect to the denial after a hearing and subject to the defendant's exception of a motion made just before trial commenced that he be

examined by the Department of Mental Health under G. L. c. 123, § 100A, and that the trial be postponed pending such examination and report thereon. [563]

A purported assignment of error under G. L. c. 278, § 33 D, not based on any ruling by the court, and therefore not based on any exception saved by the defendant, brought nothing to this court for review. [564]

INDICTMENTS found and returned in the Superior Court on April 14, 1969.

Motions of the defendant were heard by *Roy*, J. and the cases were tried before him.

*David M. Roseman* for the defendant.

*Roger A. Karz*, Legal Assistant to the District Attorney (*Terence M. Troyer*, Assistant District Attorney, with him), for the Commonwealth.

QUIRICO, J. This is a claim of appeal, after pleas of guilty to five indictments charging the defendant with the commission of felonies, from the denial of his motion that he be examined under the provisions of G. L. c. 123, § 100A.[1] We describe the proceedings to the extent necessary for the purposes of this decision.

On April 14, 1969, the grand jury returned five indictments against the defendant charging him with the commission of seven different felonies on March 5, 1969. All of the alleged felonies arose out of a single episode. On April 14, 1969, the clerk of courts filed with the lowest numbered of the five indictments a certificate that notice had been given to the Department of Mental Health as required by G. L.

---

[1] The pertinent parts of § 100A, as amended through St. 1957, c. 236, are: "Whenever a person is indicted by a grand jury for a capital offense or whenever a person, who is known to have been indicted for any other offense more than once or to have been previously convicted of a felony, is indicted by a grand jury or bound over for trial in the superior court, the clerk of the court in which the indictment is returned, or the clerk of the district court, as the case may be, shall give notice to the department [of mental health], which shall cause such person to be examined with a view to determine his mental condition and the existence of any mental disease or defect which would affect his criminal responsibility. Whenever the probation officer of such court has in his possession or whenever the inquiry which he is required to make by section eighty-five of chapter two hundred and seventy-six discloses facts which if known to the clerk would require notice as aforesaid, such probation officer shall forthwith communicate the same to the clerk who shall thereupon give such notice unless already given. . . . Upon giving the notice required by this section the clerk of a court shall so certify on the papers."

c. 123, § 100A. On April 16, 1969, the defendant, who was represented by counsel, was arraigned and pleaded not guilty to each indictment and count thereof. On the same date the judge presiding at the arraignment ordered the defendant committed to the Bridgewater State Hospital under the provisions of G. L. c. 123, §§ 100 and 105, for a period not to exceed thirty-five days.

On May 6, 1969, the assistant medical director of the Bridgewater State Hospital sent the court a written report stating the defendant's history as bearing on his mental condition, and concluding with the following language: "[T]here is some question as to whether or not he really is mentally deficient. He certainly has many sociopathic features in relation to antisocial behavior in this society. It is the opinion of the staff that he is competent to stand trial and his return to court is therefore recommended. Diagnosis: (1) Antisocial Personality. (2) Mental Deficiency, Mild." [2] On May 9, 1969, the defendant was returned from the hospital and held for trial on the indictments. Thereafter, and before the start of trial, a copy of the psychiatric report was furnished to the defendant's trial counsel who was appointed on May 12, 1969, when original counsel withdrew by leave of court.

When the indictments were reached for trial on Friday, June 20, 1969, his counsel informed the trial judge that the defendant had not been examined under G. L. c. 123, § 100A, and he requested that the judge order that such an examination be made and that the trial be postponed pending such an examination and report thereon. After a hearing, the

---

[2] The defendant's argument that because this report is on a letterhead of the Department of Correction it "is of the correctional authorities, not the department of mental health," is without merit. While G. L. c. 125, § 18 (as appearing in St. 1955, c. 770, § 11), provides that "The Bridgewater state hospital shall be part of the Massachusetts Correctional Institution, Bridgewater," it also provides for the appointment of a physician, with the approval of the commissioner of mental health, as medical director of the hospital, and that "The medical director shall have the care of the inmates thereof." Further, under G. L. c. 123, § 22A (as amended through St. 1967, c. 618, § 4) and § 105 (as amended through St. 1965, c. 80), the medical director of the Bridgewater State Hospital has substantially the same responsibility with reference to the mental condition of a person in the position of the defendant as has the superintendent of any other State hospital.

request was denied and the defendant excepted to the denial. Thereupon the trial was ordered to proceed under the provisions of G. L. c. 278, §§ 33A–33G, and the jury were empanelled. On Tuesday, June 24, 1969, after most of the evidence relating to the defendant's participation in the alleged crimes had been presented to the judge and jury, the defendant retracted his prior pleas of not guilty and entered a plea of guilty on each indictment and count thereof. The judge accepted the pleas of guilty and continued the cases for disposition. On June 26, 1969, the Commonwealth moved for sentence. During his argument on the matter of sentencing, counsel for the defendant again requested the trial judge to order that the defendant be examined under G. L. c. 123, § 100A. On the same date the court imposed concurrent sentences to the Massachusetts Correctional Institution at Walpole on all indictments. The record before us shows that the trial judge denied the request made by the defendant's counsel, in argument, that the defendant be examined; and it shows no claim of exception to such denial.

Within twenty days after being sentenced, the defendant filed as to each indictment a claim of appeal specifically limited to the denial of his "motion and requests to be examined pursuant to and under [G. L. c. 123, § 100A]." Thereafter he also filed as to each indictment two assignments of error, one relating to the denial of his motion to be examined, and the other to the court's failure to order that he be examined, "apart from such motion."

The defendant did not raise the defence of lack of criminal responsibility at his partial trial. Instead he pleaded guilty to all indictments and counts therein. He does not now contend that he did not enter the pleas voluntarily, and he does not seek to withdraw the pleas for any reason. He does not claim any error of law in the sentences which were imposed upon him.[3] He did not save any exceptions

---

[3] The defendant appealed to the Appellate Division of the Superior Court for a review of each of his sentences. G. L. c. 278, §§ 28A–28D, as amended through St. 1968, c. 666. The record does not indicate whether these appeals have been heard or decided.

to anything which occurred after he pleaded guilty. He does not now allege or contend that he was not criminally responsible at the time of the offences to which he has pleaded guilty. In the language of his brief, "All he seeks here is such an examination [under G. L. c. 123, § 100A] to which, he claims, he is entitled." In our view, on the record before us the defendant has no standing at this point in his case to make this inscrutable claim.

The transcript before us is limited to those portions of the proceedings of June 20, 1969, and June 26, 1969, wherein counsel for the defendant asked the trial judge to order the defendant examined under G. L. c. 123, § 100A. The request of June 20, 1969, was expressly denied and an exception was saved. That exception, although alleged as the basis of the defendant's first assignment of error, did not survive the defendant's action in pleading guilty on June 24, 1969. By pleading guilty the defendant admitted all facts well charged in the indictments against him, and nothing was left to be done but pass sentence. *Commonwealth* v. *Mahoney,* 115 Mass. 151, 152. *Commonwealth* v. *Skalberg,* 333 Mass. 255, 256. *Commonwealth* v. *L'Italien,* 352 Mass. 424, 426, cert. den. sub nom. *L'Italien* v. *Massachusetts,* 389 U. S. 962. If there were any nonjurisdictional defects in the proceedings prior to the time when the defendant pleaded guilty, they were rendered irrelevant by such pleas. By pleading guilty the defendant foreclosed his right to request a decision by this court on legal questions which he had raised prior to entering the guilty pleas. He may not waive or terminate a trial by pleading guilty, sample the penalty and then elect to litigate preëxisting nonjurisdictional legal questions. *Garvin* v. *Commonwealth,* 351 Mass. 661, 663, cert. den. sub nom. *Garvin* v. *Massachusetts,* 389 U. S. 13. *Macey* v. *Commonwealth,* 352 Mass. 519, 521–523. *Macey* v. *Scafati,* 395 F. 2d 768 (1st Cir.), cert. den. 393 U. S. 892. *Maisenhelder* v. *Rundle,* 349 F. 2d 592, 595 (3d Cir.). *Busby* v. *Holman,* 356 F. 2d 75, 77 (5th Cir.). *Cooper* v. *Holman,* 356 F. 2d 82, 84 (5th Cir.).

As the result of our holding above, it is unnecessary to

decide whether the defendant, against whom five indictments charging felonies were returned on the same date, is one "who is known to have been indicted for any other offense more than once" within the meaning of the quoted words as used in G. L. c. 123, § 100A.[4]  If we assume, but without so deciding, that the defendant is such a person, the failure to examine him in the manner provided by the statute does not in any way affect the jurisdiction of the Superior Court to try him on the indictments.  The purpose of the statute is "to forward the administration of public justice, not to put into the hands of those charged with crime a new weapon of defence."  *Commonwealth* v. *Vallarelli,* 273 Mass. 240, 249.  Noncompliance with the statute "does not invalidate the trial as matter of law."  *Commonwealth* v. *Belenski,* 276 Mass. 35, 43.  *Commonwealth* v. *Gray,* 314 Mass. 96, 103–105.

The defendant's second assignment of error is based on the trial court's alleged failure, apart from any motion therefore, to order the defendant examined under G. L. c. 123, § 100A.  By its nature this assignment is not based on any ruling by the court, and therefore is not based on any exception saved by the defendant.  A purported assignment of error under G. L. c. 278, § 33D, not based on any exception, brings nothing to this court for review.  *Commonwealth* v. *Myers,* 356 Mass. 343, 346.  *Commonwealth* v. *Foley,* 358 Mass. 233, 236 *Commonwealth* v. *Underwood,* 358 Mass. 506, 509, and cases cited.

*Judgments affirmed.*

---

[4] No future purpose will be served by any present attempt to interpret the words quoted from § 100A.  By virtue of St. 1970, c. 888, §§ 4 and 31, all of the present provisions of G. L. c. 123 will cease to be effective on July 1, 1971, and they will be replaced by a new c. 123 which will not include the words in question.  See §§ 15–19, inclusive, of the new c. 123, for the handling of some of the situations now covered by §§ 99–105, inclusive, of the present c. 123.