Commonwealth v. Nydam.

COMMONWEALTH vs. RONALD F. NYDAM.

Worcester.   October 7, 1985. — October 29, 1985.

Present: GRANT, CUTTER, & SMITH, JJ.

*Practice, Criminal,* Waiver of trial by jury, Admission to facts sufficient to warrant a finding.

Convictions on criminal complaints after findings of guilty in the jury session of a District Court were reversed where the judge had purported to allow the defendant to waive his right to trial by jury and to admit to sufficient facts to warrant findings of guilty without complying with any of the formal requisites for accepting a waiver of trial by jury or an admission to sufficient facts, and where there was nothing submitted to the judge to warrant a finding of guilty on one of the charges and, possibly, on others as well. [66-69].

COMPLAINTS received and sworn to in the Uxbridge Division of the District Court Department on May 2, 1984.

On appeal to the jury session of the Worcester Division, the cases were heard by *Paul V. Mullaney,* J.

*Charles M. MacLean* for the defendant.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

GRANT, J. These are eight various complaints framed under the provisions of G. L. c. 140, § 68, and G. L. c. 266, §§ 28, 60 and 139. The defendant was found guilty on all the complaints following a bench trial in a District Court and appealed to the appropriate jury of six session for a trial de novo. In that session he filed (1) a motion to suppress certain evidence procured pursuant to an allegedly invalid series of search warrants and (2) a motion to dismiss all the complaints on the ground (among others) of failure to preserve the evidence in the manner required by G. L. c. 276, §§ 2 and 3. Neither motion went to the jurisdiction of the court; both were denied after hearing.

When the case was called for trial, defense counsel and the judge, without comment by the prosecutor, engaged in a series of maneuvers which were clearly aimed at providing the defendant an opportunity for an immediate appeal from the interlocutory orders denying his two motions, an appeal of a type not authorized by Mass.R.Crim.P. 15 (a) (2) or (3), 378 Mass. 882-883 (1979). G. L. c. 278, § 28E, as appearing in St. 1979, c. 344, § 455. *Commonwealth* v. *Mottola,* 10 Mass. App. Ct. 775, 781 (1980). First, the judge purported to allow the defendant to waive his right to trial by jury without complying with any of the formal requisites of Mass.R.Crim.P. 19(a), 378 Mass. 888 (1979), G. L. c. 218, § 27A(*g*), and G. L. c. 263, § 6, and in circumstances which, so far as the record is concerned, leave room for doubt whether the defendant understood what it was that he was supposed to be waiving. See *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-510 (1979); *Commonwealth* v. *Duquette,* 386 Mass. 834, 838-840, 843-845 (1982); *Commonwealth* v. *Schofield,* 391 Mass. 772, 775-776 (1984).[1]

Next, the judge stated his understanding, later confirmed by defense counsel, that the defendant would be "admitting that there are facts to support these [c]omplaints." The prosecutor called as the only witness a State police officer who testified in perfunctory, narrative fashion, and without any meaningful cross examination, to the number of motor vehicles, to some major parts of vehicles, and to certain vehicle identification numbers which he had found in the course of executing the aforementioned search warrants. There was testimony that some of the vehicles and parts had been stolen at various times ranging from as little as two months to as much as four years prior to the date of the first search. There was no evidence whatsoever on the question whether the defendant did or did not have a license such as might have been required under G. L. c. 140, § 57. The judge found the defendant guilty and sentenced him on all eight complaints. The defendant has ap-

---

[1] The clerk announced at the outset of the proceedings that the defendant had signed a waiver of trial by a jury of six, but no such waiver is reflected on the dockets or reproduced in the appendix.

pealed, urging error in the interlocutory rulings by which his two pretrial motions were denied.

Neither the judge nor either counsel made any effort to comply with any of the applicable requirements for admissions of sufficient facts in jury of six sessions which had been carefully delineated in *Commonwealth* v. *Duquette,* 386 Mass. at 845-846, more than two years prior to the proceedings in this case. See also *Commonwealth* v. *Mele,* 20 Mass. App. Ct. 958, 959 (1985). We have already adverted to the deficiencies in the waiver of the right to trial by jury. There was no formalization in a filed, written stipulation of the facts which were to be taken as admitted.[2] There was nothing submitted to the judge which would have warranted a finding of guilt on the complaint framed under G. L. c. 140, § 68. There is room for doubt (but we do not now decide) whether the evidence submitted to the judge was sufficient to warrant a rational trier of fact (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that the defendant had committed every element of each of the offences charged.

The judge utterly failed to advise the defendant of what his rights were in the circumstances and of the possible consequences of waiving those rights. See *Commonwealth* v. *Stevens,* 379 Mass. 772, 776 (1980). In particular, the judge failed to explain to the defendant that he (the judge) would be entitled to treat admissions of sufficient facts as the functional equivalents of pleas of guilty (*Commonwealth* v. *Duquette,* 386 Mass. at 841; *Commonwealth* v. *Snyder,* 12 Mass. App. Ct. 960 [1981]) and that if he should decide to find the defendant guilty (as he subsequently did), the defendant would be precluded from appellate review of any pretrial rulings (such as those in this case) which did not go to the jurisdiction of the

---

[2] This is not a case in which the parties stipulated to evidence which warranted, but did not require, findings of guilty. See *Commonwealth* v. *Neal,* 392 Mass. 1, 4, 10-14 (1984); *Commonwealth* v. *Hill,* 20 Mass. App. Ct. 130, 131-133 (1985). Nor is this a case such as *Commonwealth* v. *Stevens,* 379 Mass. 772, 775-776 (1980), in which there was no stipulation as to evidence, no change to plea, and no admission of sufficient facts.

court. *Garvin* v. *Commonwealth,* 351 Mass. 661, 663, appeal dismissed and cert. denied, 389 U.S. 13 (1967). *Macey* v. *Commonwealth,* 352 Mass. 519, 521-522 (1967). *Commonwealth* v. *Zion,* 359 Mass. 559, 563 (1971). *Commonwealth* v. *Hamilton,* 3 Mass. App. Ct. 554, 558 (1975).

It is clear from the transcript, from the briefs and from the arguments before us that the judge had no idea what his functions and duties were in the circumstances and that defense counsel had no conception of the risks to which he was exposing his client.[3] There is nothing to suggest that the client was any more knowledgeable than counsel. As in *Commonwealth* v. *Hill,* 20 Mass. App. Ct. 130, 132-133 (1985), and in order to forestall a future claim of ineffective assistance of counsel, we are of opinion that the interests of justice are best served by reversing all the judgments, setting aside all the findings of guilty, and remanding the complaints to the jury of six session for further proceedings not inconsistent with the *Duquette* case or this opinion.

*So ordered.*

---

[3] If the prosecutor comprehended the irregularities in and the possible consequences of what was happening, he would have done well to point them out in an effort to save everyone the time and expense which have been involved in this appeal.