COMMONWEALTH *vs.* MARK R. GREENE.

Worcester. March 2, 1987. — June 1, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant a finding, "Two-tier" court system, Waiver of trial by jury. *Waiver.*

General Laws c. 263, § 6, providing that a defendant in a noncapital criminal case may waive his right to trial by jury, but only if all other defendants, if two or more have been charged with related offenses, exercise such an election, does not apply to the nonjury (bench) session of a District Court; consequently, a judge in the bench session should have allowed a defendant, who had expressed a desire that the complaints against him be disposed of the day he appeared, to proceed in the bench session rather than granting, instead, the prosecutor's request that both the defendant and a codefendant, who had wanted to exercise his statutory right to a first instance jury trial, be sent to the jury session. [146-149] O'CONNOR, J., concurring.

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on July 15, 1985.

On transfer to the jury session, a motion to dismiss or to remand the case to the bench session was heard by *Francis George,* J., and findings of guilty were entered by him.

The Supreme Judicial Court granted a request for direct appellate review.

*Gordon A. Oppenheim,* Committee for Public Counsel Services (*Eric Brandt,* Committee for Public Counsel Services, with him) for the defendant.

*Philip E. Shea,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant, Mark R. Greene, appeals from a denial of his motion to dismiss or to remand his case to the bench session of the Worcester Division of the District Court Department. On August 1, 1985, Greene and a codefendant

appeared before the bench session of the Worcester District Court to answer to complaints charging each with breaking and entering a vehicle in the nighttime with intent to commit a misdemeanor (three counts), larceny of property under one hundred dollars (two counts), larceny of property over one hundred dollars (one count), and receiving stolen property (three counts). The Commonwealth does not dispute that, at that hearing, Greene expressed a desire to dispose of the matter that day.[1] The codefendant wanted to exercise his statutory right to a first instance jury trial. The judge granted the prosecutor's request that both defendants be sent to the jury session; Greene objected.

On August 15, 1985, the defendant appeared before the jury-of-six session in the Worcester District Court (jury session) and the judge denied his motion to dismiss or remand to the bench session. On September 13, 1985, Greene, represented by counsel, admitted to sufficient facts, and was found guilty on the three counts of breaking and entering. The three counts of larceny were placed on file and the three counts of receiving stolen property were dismissed. The defendant was sentenced to concurrent terms of probation for one year and ordered to pay fines and restitution; he appealed and we allowed his application for direct appellate review. We reverse.

The Commonwealth claims that the present appeal should not be considered since the defendant waived all nonjurisdictional defects by his admission to sufficient facts. This court has stated that a guilty plea makes irrelevant all nonjurisdictional defects in the proceedings. *Commonwealth* v. *Zion,* 359 Mass. 559, 563 (1971). *Garvin* v. *Commonwealth,* 351 Mass. 661, 663, appeal dismissed and cert. denied, 389 U.S. 13 (1967). A judge is entitled to treat an admission to sufficient facts as the functional equivalent of a guilty plea if the admis-

---

[1] It is unclear whether Greene wanted to admit to sufficient facts or have a bench trial. Defense counsel made statements indicating both: "This will be a disposition this morning"; and "my client would like to have a bench trial . . . ." The defendant now claims that he was attempting to admit to sufficient facts at the bench session.

sion was made knowingly and voluntarily.[2] *Commonwealth* v. *Duquette,* 386 Mass. 834, 841 (1982). *Commonwealth* v. *Nydam,* 21 Mass. App. Ct. 66, 68 (1985). Although the District Court jury session had jurisdiction in the traditional sense to hear the charges, if the defendant's challenge is upheld, the jury session lacked statutory authorization to hear his case and, in that sense, the basis of his appeal is jurisdictional. Cf. *Commonwealth* v. *Clark,* 379 Mass. 623, 625-626 (1980). If the defendant's view of the statute prevails, he has been deprived of the opportunity to expeditiously dispose of the case against him at the bench session. In such circumstances, we decline to apply the traditional narrow concept of jurisdiction, and we, therefore, reach the merits of his appeal.

The Commonwealth claims that under G. L. c. 263, § 6 (1984 ed.), the judge in the bench session was within his authority to transfer the cases of both codefendants to the jury session of the District Court. The defendant claims that G. L. c. 263, § 6, does not apply to the bench session of the District Court. We agree with the defendant. General Laws c. 263, § 6, provides in part that a defendant in a criminal case other than a capital case may "waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court" and "[i]f the court consents to the waiver, he shall be tried by the court instead of by a jury, but not, however, unless all the defendants, if there are two or more charged with related offenses . . . shall have exercised such election before a jury has been impanelled to try any of the defendants . . . ." Prior to the 1979 amendment to c. 263, § 6, the statute applied to the Superior Court and the Housing Court. St. 1973, c. 591, § 20. The 1979 amendment deleted the reference to these courts. St. 1979, c. 344, § 19, approved with emergency preamble, June 30, 1979. We do not see in the 1979 amendment, as does the Commonwealth, an intent to alter significantly the trial de novo system in the District Court.

---

[2] We need not address the issue whether the defendant's admission was knowingly and voluntarily made since we vacate the judgment of the jury session.

Prior to 1972, there were no jury trials in the District Court. In 1972 a jury-of-six session was established in the District Court,[3] but a defendant had to be convicted at the bench session before he could claim a jury trial. Under the Court Reorganization Act, chapter 478 of the Acts of 1978, the present de novo system was established. See *Lydon* v. *Commonwealth,* 381 Mass. 356, 358-360, cert. denied, 449 U.S. 1065 (1980). Under the present system, a criminal defendant can elect to have a first instance jury trial, or to have a bench trial before a judge in the bench session and then appeal for a de novo trial in the jury session. *Id.* at 359. See G. L. c. 218, §§ 26A, 27A (1984 ed.). General Laws c. 218, § 26A, provides for the option of a jury trial in the first instance in the District Court "unless the defendant files a written waiver and consent to be tried by the court without a jury, subject to his right to appeal therefrom for trial by a jury-of-six pursuant to section twenty-seven A. . . . Such trials by jury in the first instance shall be in those jury sessions designated by said section twenty-seven A for the hearing of such appeals." Chapter 218, § 27A, authorizes the jury-of-six sessions to hear appeals of those convicted after a bench trial pursuant to § 26A. Thus, under the present system a defendant has a statutory right to make use of the two-tier system.

The amendment to G. L. c. 263, § 6, deleting the references to the Superior Court and Housing Court was not intended to deprive the defendant of his two-trial option. We find support for this view both in the Act itself and in its genesis. The emergency preamble to chapter 344 of the Acts of 1979, recites that one purpose of the legislation is to have its provisions in effect on the same date as the Massachusetts Rules of Criminal Procedure. In addition, 1979 House Bill No. 6252, the precursor to chapter 344, was entitled, "An Act Conforming the General Laws to the Massachusetts Rules of Criminal Procedure." Massachusetts Rule of Criminal Procedure 19 (a), 378 Mass. 888 (1979), entitled "Trial by jury or by the court" essentially mirrors G. L. c. 263, § 6. However, rule 19 (a)

---

[3] General Laws c. 218, § 27A, added by St. 1972, c. 620, § 1.

clearly applies "to Superior Court and *jury sessions* in District Court" (emphasis added). We think the Legislature intended a similar application of G. L. c. 263, § 6.

Waiver at District Court bench trials is governed by G. L. c. 218, § 26A. There is no requirement that all codefendants waive the right to a first instance jury trial if any one defendant wants to waive that right. Furthermore, there is no requirement that the judge consent to the waiver as there is in G. L. c. 263, § 6. Thus, on analysis it becomes clear that the two statutes deal with different types of waivers and that c. 263, § 6, applies only to a jury session (District Court or Superior Court).

The purpose of the requirement in G. L. c. 263, § 6, that all defendants must waive, was to avoid two trials where one codefendant wanted a bench trial and another wanted a jury trial. *Commonwealth* v. *Boris*, 317 Mass. 309, 311 (1944). The elimination of double trials is not a factor where the two-tier de novo system grants codefendants that very option. Furthermore, the statute was certainly not intended to force to trial one defendant who wants to plead guilty, simply because a codefendant wants a jury trial. Such a result would be contrary to the efficient administration of the courts and would inhibit a prosecutor's ability to obtain cooperation from a codefendant in exchange for a favorable recommendation at plea and sentencing. We therefore decline to read G. L. c. 263, § 6, as applying to the bench session of the District Court. To do so would deny to many criminal defendants their statutory right to the two-tier de novo system. Although there is no constitutional right not to be tried by a jury, *Singer* v. *United States*, 380 U.S. 24, 34 (1965); *Commonwealth* v. *Millen*, 289 Mass. 441, 465, cert. denied, 295 U.S. 765 (1935), to deny a defendant the statutory right of the de novo system would raise serious due process questions. See *Hicks* v. *Oklahoma*, 447 U.S. 343, 346 (1980) (statutory right to have trial jury fix punishment; due process violation where taken away by incorrect jury instruction).

The present two-tier de novo system in this Commonwealth grants to certain criminal defendants a *choice* of obtaining a jury trial in the first instance or having the case heard first in

the bench session of the District Court, subject to the right of
appeal to the jury session. Distinct advantages inure to a defend-
ant making use of the two-tier system. See *Lydon* v. *Common-
wealth, supra* at 365. "A bench trial serves as a means of
discovery and recordation of the prosecution's testimony. In-
deed, the judge may find the defendant not guilty. . . . A
bench trial takes less time than a jury trial, offering the defend-
ant a less expensive and less time consuming process. And,
if the defendant does not like the result, he may obtain a second
chance before a jury or, if he waives a jury, before a second
judge, unfettered by the adverse decision previously made."
*Id.* We will not read G. L. c. 263, § 6, as denying these
advantages to certain defendants.

The judge in the bench session should have allowed Greene
to proceed in that session. Accordingly, the judgments are
vacated and the case remanded to the District Court bench
session for proceedings not inconsistent with this opinion. We
need not address the other issues raised by the defendant.

*So ordered.*

O'CONNOR, J. (concurring). The court correctly states that
"a [knowing and voluntary] guilty plea makes irrelevant all
nonjurisdictional defects in the proceedings." *Ante* at 145. The
court then correctly acknowledges that here there were no
claimed jurisdictional defects "in the traditional sense." *Ante*
at 146. See *Police Comm'r of Boston* v. *Municipal Court of
the Dorchester Dist.*, 374 Mass. 640, 662 (1978), citing *Paige*
v. *Sinclair*, 237 Mass. 482, 483-484 (1921); *Hopkins* v. *Com-
monwealth*, 3 Met. 460, 462 (1842). The court concludes,
however, that since the defendant's challenge is to the statutory
authority of the judge in the jury session to take his guilty plea
and sentence him, the claimed defect is jurisdictional after all.
The court mischaracterizes the defendant's challenge. The de-
fendant does not challenge the authority of the judge to dispose
of the charges after a knowing and voluntary plea. Indeed, if
the defendant's challenge were to the judge's authority to take

a guilty plea, it would have no merit. Rather the defendant challenges the denial of his right to a first instance bench trial. That claim is in no sense jurisdictional. Therefore, I conclude that, if the defendant's convictions are reviewable, as I believe they are, they are reviewable not because the alleged defect is jurisdictional, but because the guilty plea was constitutionally invalid. The concept of jurisdiction frequently is crucially important. In my view, the court's approach here obscures understanding of what jurisdiction is.

I join the court in reversing the convictions because I am satisfied that the record does not show that the defendant's plea was made with an understanding of its consequences. Such a showing is essential to a valid plea. *Commonwealth* v. *Fernandes*, 390 Mass. 714, 715-716 (1984). *Commonwealth* v. *Duquette*, 386 Mass. 834, 841-842 (1982). One of the Federal constitutional rights waived by a guilty plea is "the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth." *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969). The record does not show a colloquy with the defendant concerning waiver of the privilege against self-incrimination.

Furthermore, a plea of guilty is valid only when the defendant offers it "with sufficient awareness of the relevant circumstances." *Commonwealth* v. *Fernandes, supra* at 715. One of the relevant circumstances here was that the judge would treat the defendant's waiver of his right to a jury trial and his admission of sufficient facts as a guilty plea. Another relevant circumstance was that the guilty plea would preclude the defendant from arguing on appeal that he had been unlawfully denied his right to a bench trial. *Commonwealth* v. *Nydam*, 21 Mass. App. Ct. 66, 68 (1985). Contrast *Commonwealth* v. *Stokes*, 18 Mass. App. Ct. 637, 642 (1984) ("The judge's inquiry . . . before accepting Stokes's plea of guilty, amply informed Stokes that he was giving up his right to a speedy trial by pleading guilty"). The record does not show that these circumstances were made known to the defendant. As a result, the guilty plea was invalid, and the case must be remanded to the District Court for trial.

I agree with the court that in the District Court the defendant has a right to the benefits of the two-tier de novo system. The District Court should be so instructed. Furthermore, I would honor the defendant's request that the case be remanded for trial not only of the charges of breaking and entering but of the filed larceny complaints as well. See *Commonwealth* v. *Nowells*, 390 Mass. 621, 630 (1983); *Commonwealth* v. *Bianco*, 388 Mass. 358, 364-365 (1983).