COMMONWEALTH *vs.* STEPHEN J. SCIPIONE, JR. No. 06-P-1260. July 19, 2007.
*Sex Offender. Sex Offender Registration and Community Notification Act.*

On August 23, 2004, the defendant was found guilty in the District Court of a single count of failure to register as a sex offender, first offense.[1] G. L. c. 6, § 178H(*a*)(1). The defendant argues that because he was homeless but not living in a homeless shelter at the time, he was not required to register as a sex offender. See G. L. c. 6, § 178F½.

General Laws c. 6, § 178F½, as amended through St. 2003, c. 77, § 15,[2] provides in pertinent part: "A sex offender finally classified by the [Sex Offender Registry Board (board)] as a level 2 or a level 3 sex offender who is

---

[1]The Commonwealth tried the case on the theory that the defendant had failed to verify his registration data, and the jury instructions corresponded to that theory. We use the term "register" throughout our decision to refer to the ongoing registration obligation imposed by the statute, i.e., the requirement that sex offenders verify their registration data periodically. See *Roe* v. *Attorney Gen.*, 434 Mass. 418, 426, 427 n.18 (2001).

[2]Although this statute has been amended since 2003, those amendments are not applicable to this case.

required to register pursuant to sections 178C to 178P, inclusive, shall appear in person annually at the local police department in the city or town in which such sex offender lives, or if such sex offender does not reside in the commonwealth, in the city or town in which such sex offender works or attends an institution of higher learning, to verify that the registration data on file remains true and accurate. . . . Such sex offender who lists a homeless shelter as his residence shall appear in person at such local police department every 90 days to verify that the registration data on file remains true and accurate." The defendant argues that because the statute does not address an individual who is homeless but does not reside at a homeless shelter, he is exempt from complying with the statute. We disagree.

While the statute states that a level two or three sex offender living in a homeless shelter is required to register every ninety days, the fact that the statute does not particularly state when homeless sex offenders not living in a homeless shelter should register does not nullify the defendant's registration requirement. Where a sex offender lives does not control the requirement of registering under the statute. "None of the words of a statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute . . . ." *Flemings* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 374, 375 (2000). Moreover, "a statute need not be so strictly construed 'as to defeat the obvious intention of the legislature' or 'to override common sense.' " *Commonwealth* v. *Dunn*, 43 Mass. App. Ct. 58, 59 (1997), quoting from LaFave & Scott, Substantive Criminal Law § 2.2(d), at 109 (1986).

Here, G. L. c. 6, § 178E, is clear in that all sex offenders must register with the board. See *Doe, S.O.R.B. No. 3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 769 (2006). The keeper of records for the board testified that after the initial registration, the sex offender is classified by level and then is required to register on a regular basis by mail or in person at the police department in the town where he resides. As the record shows that the defendant voluntarily registered twice before the underlying complaint was brought, it may be fairly inferred that he was aware of the registration process and his duty to register as a sex offender. At the very least, the defendant was required to register annually.[3] Therefore, having failed to do so (for more than two years), he was properly convicted.

*Judgment affirmed.*

*Jennifer H. O'Brien* for the defendant.

*Lisa Beatty*, Assistant District Attorney, for the Commonwealth.

---

[3]The defendant's two sentence argument that the statute is not sufficiently clear to give notice of the prohibited act does not rise to the level of appellate argument. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, we discern no merit in this argument.

