The defendant, James Schaff, appeals from an order denying his motion for a new trial seeking to vacate his guilty plea to one count of failing to register as a sex offender, subsequent offense.[2] ,[3] We affirm.
Background. The following facts are drawn from the motion judge's memorandum of decision and order. The defendant is classified by the Sex Offender Registry Board as a level three offender. On Friday, February 15, 2013, he was released from incarceration on an unrelated offense. Although the defendant indicated on an incarcerated sex offender registry form that he was homeless and would likely stay at a Boston homeless shelter, he traveled to Wrentham and, at 4:00 P.M. , arrived at the home of Jayne Miller. She and the defendant had been pen pals whose exchanges had become romantic; they had discussed the potential of living together.
The defendant slept at Miller's home for three nights. On Monday, February 18, 2013, he appeared at the Wrentham police station to register as a sex offender. The defendant indicated in the "current resident address" space that he was homeless and drew a line through the "secondary address" space. He returned to Miller's home for a fourth night.
On Tuesday, February 19, 2013, at 4:00 A.M. , Miller called the Wrentham police regarding a domestic disturbance between herself and the defendant. The defendant told a responding officer that "I guess I'm living here" and that "I just got out of jail a few days ago and I really haven't thought about it, but I guess I'll be getting my mail here." Officers told the defendant that he could not remain at the apartment and, after the defendant told them that he was homeless, took him to the Wrentham police station to sleep in the lobby. After a sergeant arrived at 8:00 A.M. and learned that the defendant had been staying at Miller's since February 15, the defendant was arrested.
Discussion. A motion for a new trial may be allowed when "it appears that justice may not have been done." Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). The motion "is addressed to the sound discretion of the judge, and the judge's disposition of the motion will not be reversed for abuse of discretion unless it is manifestly unjust, or unless the plea colloquy was infected with prejudicial error." Commonwealth v. Correa, 43 Mass. App. Ct. 714, 716 (1997) (citations omitted). The defendant argues that plea counsel's ineffective assistance warrants a new trial. We review the defendant's motion by applying the familiar two-part test for ineffective assistance: (1) whether the defendant demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer"-and, if found, (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
A. Failure to register. The defendant does not dispute that he was required to register as a sex offender, but contends that he did not fail to register as required by the registration statute. When registering, a sex offender is required to provide information of any home address and any secondary addresses. Commonwealth v. Arce, 467 Mass. 329, 332 (2014). A secondary address is defined, in relevant part, as "a place where a sex offender routinely lives, abides, lodges, or resides for a period of 4 or more consecutive or nonconsecutive days in any month and which is not a sex offender's permanent address, including any out-of-state address." G. L. c. 6, § 178C, as amended by St. 2006, c. 139, § 5.[4] See Arce, supra at 333 (defining "live," "abide," "lodge," and "reside" by the plain and ordinary meaning of the words). "A defendant who is required to register as a sex offender fails to do so if he knowingly fails to provide notice of a change of address, or knowingly provides false information." Id. at 332, citing G. L. c. 6, § 178H(a ).
The defendant contends that plea counsel was ineffective for failing to argue that the defendant did not fail to list a "secondary address" because he did not "routinely" stay at Miller's home as required under the registration statute. This argument fails for two reasons. First, the recited evidence was sufficient to support the Commonwealth's alternate theory that the defendant knowingly provided false information both by (1) listing himself as homeless and intending to reside in Boston when he filed the incarcerated sex offender registry form but proceeding directly to Wrentham, and (2) misleading the Wrentham police by reporting himself as homeless.
Second, as the motion judge discussed in a well-reasoned decision, plea counsel did argue that Miller's home was not a "secondary address" for purposes of the statute. The defendant filed two motions to dismiss in Superior Court, both of which were denied. Plea counsel represented the defendant on the second motion to dismiss[5] and challenged the indictments.[6] In denying the motion, the judge specifically considered whether there was probable cause for the indictment and properly concluded that the defendant's four-night stay at Miller's could establish a secondary address. See Commonwealth v. Kateley, 461 Mass. 575, 581 (2012) ("[I]n order for the Commonwealth to prove beyond a reasonable doubt that the defendant failed to provide a secondary address, it had to show that the defendant stayed at an address ... for four or more days in a month"); Arce, supra at 333 ("[U]nder the broadest definition afforded by the statute, the Commonwealth must show that the defendant 'lodged' at the apartment by 'stay[ing] overnight' for four days"). The word "routinely" in the statute modifies "lives, abides, lodges, or resides" and does not mean more than one four-day period in a given month. Therefore, the defendant's stay at Miller's, from Friday through Tuesday morning, established a secondary address.
Additionally, this issue also was considered at the plea colloquy. After the Commonwealth recited the facts of the case, plea counsel added that the defendant told the officers that he was homeless. The defendant then began to question if he was at Miller's for the required four days. The plea judge stopped the colloquy to "make it absolutely crystal-clear" that the defendant had a right to a trial. The defendant confirmed that he understood his rights and that he chose to plead guilty. He affirmed that he had enough time to speak with plea counsel, that he was fairly represented, and that he was satisfied with plea counsel's handling of the case. Seeking a "clear record," the plea judge asked the Commonwealth for additional information to establish that there was an adequate basis for the guilty plea. The defendant then further conferred with plea counsel before the judge accepted the plea and concluded the colloquy. We therefore discern no error in the motion judge's conclusion that the defendant failed to satisfy the first Saferian prong.
As to the second prong, the defendant's own affidavit states that he pleaded guilty "only because it became obvious to me and my attorney that I would be convicted at a trial where I would likely receive[ ] a minimum sentence of five years." By accepting the plea, the defendant was sentenced to one year of straight probation with conditions.[7] Accordingly, the defendant did not support that "he would have rejected the plea but for the incompetent advice of counsel." Commonwealth v. Pike, 53 Mass. App. Ct. 757, 763 (2002). We discern no abuse of discretion in the denial of the motion.
B. Grand jury. The defendant also contends that the Commonwealth improperly provided the grand jury with evidence that the defendant was previously incarcerated. To the extent that the defendant argues that the grand jury were impaired by evidence of his prior incarcerations, the defendant waived all nonjurisdictional defects in the indictment upon his guilty plea, pursuant to G. L. c. 277, § 47A. See Commonwealth v. Zion, 359 Mass. 559, 563 (1971).
To the extent that the defendant argues that plea counsel was ineffective for failing to raise this issue in a motion to dismiss, that argument is equally unavailing. "Dismissal of an indictment based on impairment of the grand jury proceedings requires proof of three elements: (1) the Commonwealth knowingly or recklessly presented false or deceptive evidence to the grand jury; (2) the evidence was presented for the purpose of obtaining an indictment; and (3) the evidence probably influenced the grand jury's decision to indict." Commonwealth v. Carr, 464 Mass. 855, 867 (2013) (quotation omitted).
Moreover, "[i]t is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success." Commonwealth v. Conceicao, 388 Mass. 255, 264 (1983). Plea counsel was not ineffective for not arguing that the grand jury received evidence that the defendant was previously incarcerated. The Commonwealth introduced prior registration forms signed by the defendant indicating that he was advised of his registration duties, including incarcerated sex offender registration forms that the defendant previously completed. The Commonwealth did not introduce evidence of the defendant's prior convictions, but properly demonstrated his awareness of the registration requirement using the previous registration forms. See Commonwealth v. Scipione, 69 Mass. App. Ct. 906, 907 (2007). Additionally, the Commonwealth advised the sergeant who testified not to answer questions from grand jurors about the defendant's criminal history, and the sergeant did not respond to those juror questions. Of course, the grand jury did know that the defendant was a convicted sex offender because of the nature of the indictment. The Commonwealth twice instructed the grand jury that they were not to infer that the defendant committed this offense based on his sex offender status, previous convictions, or periods of incarceration, and that they were not to speculate whether the defendant was previously convicted of like offenses.[8]
We discern no abuse of discretion in the denial of the defendant's motion for a new trial.
Order denying motion for new trial affirmed.
Order revoking probation and imposing sentence affirmed.

A grand jury indicted the defendant on one count of failure to register as a sex offender and one count of failure to register as a sex offender, subsequent offense. The first charge was dismissed as merged with the second upon the guilty plea.

After his plea but before his motion for a new trial was filed and denied, the defendant was found in violation of his straight probation, resulting in revocation and imposition of a committed sentence. The defendant's appeal from the revocation and sentencing order is also before us in this consolidated appeal, but as the defendant advances no argument on this subject, we affirm the order without further discussion.

A secondary address also includes "all places where a sex offender lives, abides, lodges, or resides for a period of 14 or more days in the aggregate during any calendar year and which is not a sex offender's primary address." G. L. c. 6, § 178C.

Plea counsel did not represent the defendant on the first motion to dismiss. The defendant did not provide an affidavit from either of his previous attorneys.

In the second motion to dismiss, the defendant argued that he stayed at Miller's for three nights, that he did not establish a secondary address, that the indictments were not supported by probable cause, and that the registration statute was void for vagueness as applied to the defendant.

As noted, the defendant was later found in violation of the terms and conditions of his probation and, as a result, his probation was revoked and he was sentenced to five years to five years and one day committed.

To the extent that the defendant raises ineffective assistance based on plea counsel failing to argue that the sergeant stated erroneous conclusions of fact and law in his grand jury testimony, the defendant already raised this argument in his first motion to dismiss. That motion was denied. Moreover, the sergeant's testimony that the defendant stayed at Miller's apartment for four days was not improper where how many days the defendant stayed at Miller's was an element of the offense.