COMMONWEALTH *vs.* ALEXIS BATISTA. May 15, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Sex Offender. Practice, Criminal,* Complaint, Plea, Parole, Sentence. *Parole.*

Alexis Batista pleaded guilty, in 2006, to rape of a child, in violation of G. L. c. 265, § 22A, and indecent assault and battery on an individual over the age of fourteen, in violation of G. L. c. 265, § 13H. The Sex Offender Registry Board subsequently classified him as a level three sex offender. Because he was homeless, he was required to appear in person at the local police department every thirty days to verify his registration information pursuant to G. L. c. 6, § 178F ½. After Batista failed to do this, in January, 2011, the Commonwealth charged him, in a complaint, with failing to verify his registration information in violation of G. L. c. 6, § 178H. The complaint also included statutory language from § 178H (*a*) (1), providing that a defendant convicted of failing to verify his registration information who had previously been convicted of any of several enumerated offenses "shall, in addition to the term of imprisonment authorized by this section, be punished by a term of community parole supervision for life [CPSL]." The complaint did not specifically allege that Batista had been convicted of one of those enumerated offenses.

Batista tendered a plea of guilty for failing to verify his registration information. At the plea hearing, Batista and the Commonwealth made different sentencing recommendations, and the judge informed Batista of his right to withdraw his guilty plea if the judge did not accept his sentencing recommendation. Batista recommended that he be sentenced to thirty days committed, time deemed served, with no CPSL. The Commonwealth recommended a sentence of six months committed and CPSL, claiming that CPSL was mandatory pursuant to G. L. c. 6, § 178H. The judge accepted Batista's recommendation and did not impose CPSL.

The Commonwealth thereafter filed, in the county court, a petition pursuant to G. L. c. 211, § 3, asking the court to compel the judge to sentence Batista to CPSL as mandated by G. L. c. 6, § 178H. A single justice of this court allowed the petition, vacated the sentence, and remanded the case to the trial court for further proceedings. Batista appeals.[1]

---

[1]Batista argues, as an initial matter, that the Commonwealth was not entitled to seek relief pursuant to G. L. c. 211, § 3. That is incorrect. See, e.g., *Commonwealth* v.

The Commonwealth is correct that, where a defendant who fails to verify registration information has previously been convicted of one of the offenses listed in G. L. c. 6, § 178H (a) (1), a sentence of CPSL is mandatory. Batista does not dispute this. What he does dispute is the sufficiency of the complaint to support a sentence that includes CPSL. He argues that the complaint, which charged him with failing to verify his sex offender registration information, was insufficient to support the imposition of CPSL because it did not specifically allege a prior conviction of one of the enumerated predicate offenses.[2] See *Commonwealth* v. *Kateley*, 461 Mass. 575, 583-585 (2012) (under G. L. c. 6, § 178H [a] [1], predicate condition or offense for imposing CPSL must be alleged in charging document). As in the *Kateley* case, the complaint here tracked the language of § 178H (a) (1), but failed to state that Batista had been convicted of one of the enumerated crimes — in this case, rape of a child — that would require imposition of CPSL if the defendant were convicted of failing to verify his registration information.

Just as Batista does not dispute that CPSL is mandatory if the requirements of G. L. c. 6, § 178H (a) (1), are met, the Commonwealth does not dispute that the complaint in this case was insufficient to support the imposition of CPSL. Rather, the Commonwealth argues that by pleading guilty, Batista waived his right to raise any argument about the sufficiency of the complaint on that point. We disagree.

In support of its argument that Batista waived his right to challenge the sufficiency of the complaint for purposes of imposing a mandatory CPSL sentence, the Commonwealth points to case law that holds that a defendant who, with the benefit of competent counsel, makes a knowing and voluntary guilty plea "waives all nonjurisdictional defects in the proceedings prior to the entry of the guilty plea." *Commonwealth* v. *Fanelli*, 412 Mass. 497, 500 (1992), and cases cited. The cases on which the Commonwealth relies to support its waiver argument are inapposite here. Those cases involve defendants who entered guilty pleas that *they* thereafter sought to withdraw, and who appeared in the appellate court as *appellants*. See, e.g., *id.* at 498. Batista, by contrast, the respondent here, is not seeking to avoid the plea. In fact, he would like just the opposite — that is, he would like his guilty plea and the sentence imposed to stay just as they are. It was the Commonwealth, the petitioner, that sought a change. Batista, when he appeared before the single justice, was essentially in the position of an appellee, seeking to preserve the status quo. In such circumstances, a defendant may raise any ground evident in the record to support his position; he may even assert a ground that he did not raise in the trial court. Cf. *Commonwealth* v. *Levesque*, 436 Mass. 443, 455 (2002), and cases cited. Here, Batista is akin to the defendants in the *Levesque* case, albeit in the context of a G. L. c. 211, § 3, proceeding commenced by the Commonwealth.

In the trial court Batista based his arguments regarding sentencing on the belief that whether to impose CPSL was within the judge's discretion. That, as it turns out, is an incorrect premise. He is not now precluded, however, in this

*Cowan*, 422 Mass. 546, 547 (1996) ("It is well within this court's general superintendence power to correct a sentence that has been imposed contrary to law").

[2]There is no dispute that the complaint adequately charged Batista with failing to verify his sex offender registration information in violation of G. L. c. 6, § 178H, and that the complaint was therefore valid. The only issue is whether the complaint was adequate for purposes of imposing a sentence of CPSL.

court, from raising an alternative basis for the sentence that the judge imposed, so long as that basis is apparent in the record. His claim — that the complaint is insufficient for purposes of imposing a mandatory sentence of CPSL — is indeed apparent in the record. As in the *Kateley* case, the complaint here merely tracked the statutory language of G. L. c. 6, § 178H (*a*) (1), but failed to "specifically allege" the predicate facts that would warrant imposition of CPSL. See *Kateley* v. *Commonwealth*, *supra* at 584-585. The Commonwealth does not dispute that the complaint is insufficient, in light of the *Kateley* case, for purposes of imposing a sentence of CPSL.

As Batista suggests, the timing of the error in the trial court (the judge's mistaken belief that he had the discretion not to impose a sentence of CPSL) also supports his position that he did not waive his argument concerning the insufficiency of the complaint on the CPSL issue by pleading guilty. The Commonwealth argued to the judge at the plea hearing that CPSL was mandatory. The judge disagreed, albeit mistakenly. Batista, who agreed with the judge on that point, was, with obvious reason, content with the judge's decision, and was not required to argue further about the insufficiency of the complaint on the CPSL issue. The need for Batista to argue the CPSL issue did not arise until the Commonwealth sought relief pursuant to G. L. c. 211, § 3, and the parties were proceeding in the county court.[3]

The judgment of the single justice is reversed. A judgment shall enter in the county court denying the Commonwealth's G. L. c. 211, § 3, petition.

*So ordered.*

*Robert Hennessy* (*John M. Thompson* with him) for the respondent.

*Amanda Teo*, Assistant District Attorney, for the Commonwealth.

---

[3]Batista was sentenced to thirty days' incarceration. The single justice noted that G. L. c. 6, § 178H (*a*) (1), provides that if a sentence of incarceration is imposed, the sentence must be for a minimum of six months. The Commonwealth did not seek relief pursuant to G. L. c. 211, § 3, on this basis, and we need not address the issue.

