COMMONWEALTH vs. ANGEL D. BERRIOS, JR.

No. 11-P-1426.

Essex. April 10, 2013. - November 19, 2013.

Present: TRAINOR, GRAHAM, & WOLOHOJIAN, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Parole. Practice, Criminal,* Complaint, Admission to sufficient facts to warrant finding, Continuance without a finding, Sentence, Parole. *District Court,* Jurisdiction.

Although portions of complaints charging the criminal defendant with failing to register as a sex offender were insufficient because they merely tracked the language of G. L. c. 6, § 178H(*a*), and did not specifically connect the defendant to prior convictions that would render the defendant subject to community parole supervision for life, the defects in the complaints were not jurisdictional in nature, in that the District Court had the power to adjudicate the underlying crime of failing to register as a sex offender. [524-525]

A criminal defendant who admitted to sufficient facts to prove guilt waived the right to challenge nonjurisdictional defects in complaints charging him with failing to register as a sex offender, where the admission to sufficient facts was the functional equivalent of a guilty plea for that purpose. [525-527]

A District Court judge legally imposed community parole supervision for life on a criminal defendant who had admitted to sufficient facts to prove guilt with regard to complaints charging him with failure to register as a sex offender and whose cases had been continued without a finding, where the Legislature intended that a conviction for the purposes of G. L. c. 6, § 178H(*a*)(1), include a continuance without a finding, and where the statute requires the imposition of community parole supervision for life after the expiration of a continuance without a finding. [527-530]

COMPLAINTS received and sworn to in the Lawrence Division of the District Court Department on January 16, 2007, and May 2, 2008.

A motion to revise and revoke sentence, following an admission to sufficient facts and a continuance without a finding, was heard by *Thomas M. Brennan,* J.; a motion for release from unlawful restraint was also heard by him; and a motion to terminate probation was heard by *Michael J. Brooks,* J.

A motion to vacate a stay of sentence was allowed in this court by *Katzmann,* J., and a motion for reconsideration was considered by *Cohen,* J.

*Nicole M. Procida* for the defendant.

*Catherine Langevin Semel,* Assistant District Attorney, for the Commonwealth.

TRAINOR, J. The defendant appeals from the denial of his motion for release from unlawful restraint, which challenged, as illegal, the imposition of community parole supervision for life (CPSL). This case presents two issues for our review and determination: first, whether the defendant waived his right to challenge the sufficiency of the criminal complaints by admitting to sufficient facts; second, whether CPSL could legally be imposed on the defendant for failing to register where he received a continuance without a finding (CWOF) rather than a conviction. We affirm.[1]

*Factual and procedural background.* The defendant, a level two sex offender as a result of having previously been adjudicated delinquent for rape of a child with force, was required to report annually to the Lawrence police department for verification of his required personal information. On December 19, 2006, the Lawrence police department mailed the defendant a letter mandating that he report to the station on January 10, 2007, in order to complete his verification. The defendant did not appear on that day; nor did he return any of the department's telephone calls over the following week. On January 19, the defendant was arrested for failing to register. After this initial complaint was issued, the district attorney's office learned that the defendant had taken three new jobs since September, 2006, but had not timely registered his revised employment status with the police department. This information formed the basis for two more complaints against the defendant for failing to register.

In total, three criminal complaints issued against the defendant for failing to register under G. L. c. 6, § 178H(*a*). The portions of the complaints seeking CPSL tracked the statutory

---

[1]This case also includes the defendant's appeal from a single justice's allowance of the Commonwealth's motion to vacate the stay of the sentence. See note 6, *infra.* Our conclusion renders this portion of the appeal moot.

language providing for CPSL after adjudication or conviction of specified offenses without identifying the prior crime of which the defendant had been convicted or specifically alleging that this particular defendant was subject to the enhanced penalty of CPSL. Although the defendant now argues that the failure of the complaint to allege with specificity the conduct that would subject him to the enhanced penalty deprived the court of jurisdiction to impose CPSL, he did not challenge the complaints with a motion to dismiss. Instead, the parties set out to negotiate a plea bargain, and both parties suggested a recommended sentence that included CPSL.[2] On May 4, 2009, the defendant, represented by counsel, admitted to sufficient facts on the three complaints, and the District Court judge found that he did so "freely, voluntarily, intelligently, [and] with knowledge of the consequences." The judge accepted the admission to sufficient facts and imposed the defendant's recommended sentence, which included CPSL.

Eleven days after the plea hearing, so as to preserve his right to raise the issue, the defendant filed a motion to revise and revoke his sentence. On July 29, 2009, some two and one-half months after the plea hearing, the defendant filed a supporting memorandum for his motion to revise and revoke his sentence, arguing that a defendant who receives a CWOF cannot be sentenced to CPSL under G. L. c. 6, § 178H(a), because that statute requires a conviction.[3] The judge denied the defendant's motion to remove the CPSL sentence.[4] Approximately two weeks later, on August 18, 2009, the defendant filed a motion for release from unlawful restraint, Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), in which he made the same arguments he had previously made in his motion to revise and revoke his sentence. This motion was denied, and the defendant appealed.

---

[2]The Commonwealth recommended a guilty plea, six months in a house of correction (suspended for two years), and CPSL. Defense counsel recommended that each offense be resolved by a two-year CWOF and "lifetime community parole."

[3]The defendant also argued that CPSL could not run concurrently with the CWOF.

[4]The judge did, however, clarify that CPSL should not begin until the CWOF "expir[ed]." The docket was later amended, at the defendant's request, to include that clarification.

After finally docketing the appeal in August, 2011, the defendant filed a motion to terminate his probation, arguing that he had satisfied all probation requirements. A different motion judge noted that the docket explicitly stated that CPSL "will commence on the completion of continuance without a finding." The defendant claimed that he understood that to mean that CPSL would begin only on a violation of probation and entry of a guilty finding. The judge, deferring to the explicit statement on the docket, denied the defendant's motion. The defendant appealed.[5,6]

*Discussion. 1. Whether the defects in the complaints are jurisdictional.* The Commonwealth concedes that the portions of the complaints that subjected the defendant to CPSL were insufficient because they merely tracked the statutory language of G. L. c. 6, § 178H(*a*), and did not specifically connect this defendant to the prior convictions. See *Commonwealth* v. *Kateley*, 461 Mass. 575, 585 (2012); *Commonwealth* v. *Batista*, 465 Mass. 1008, 1010 (2013). However, the Commonwealth asserts that the deficiencies in the complaints are irrelevant, because the defendant admitted to sufficient facts without first moving to dismiss the now challenged portions of the complaint. "A defendant's guilty plea, made knowingly, voluntarily and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings prior to the entry of the guilty plea." *Commonwealth* v. *Fanelli*, 412 Mass. 497, 500 (1992). See *Commonwealth* v. *Senior*, 454 Mass. 12, 14 (2009); G. L. c. 277, § 47A. This rule prevents defendants from "waiv[ing] or terminat[ing] a trial by pleading guilty, sampl[ing] the penalty and

---

[5]The appeal from this order was then combined with the appeal from the order denying the Mass.R.Crim.P. 30(a) motion for release from unlawful restraint and is before us.

[6]There is also a third appeal attached to this case. In October, 2011, a single justice of this court entered a temporary stay of the CPSL sentence, pending review by the single justice. On January 15, 2013, the Commonwealth submitted its brief and also moved to vacate the stay of sentence. Another single justice allowed that motion, thus vacating the temporary stay. The defendant requested a stay from yet another single justice. The request was denied, but she ordered the appeal from the second single justice's order consolidated with this appeal. See note 1, *supra.*

then elect[ing] to litigate preexisting nonjurisdictional legal questions." *Commonwealth* v. *Zion,* 359 Mass. 559, 563 (1971).[7]

The defendant first argues that the defects in the complaints were jurisdictional, thus permitting the defendant to raise his objection at any time. We disagree. Jurisdictional defects are those that go to the "very power of the State to bring the defendant into court." *Commonwealth* v. *Clark,* 379 Mass. 623, 626 (1980), quoting from *Blackledge* v. *Perry,* 417 U.S. 21, 30 (1974). There is no question that the District Court has the power to adjudicate the underlying crime of failing to register as a sex offender, and that power is in no way affected by improperly alleging CPSL in a complaint. The defects, therefore, are not jurisdictional.

2. *Admission to sufficient facts as the equivalent of a guilty plea.*[8] The defendant next argues that the *Fanelli* waiver rule applies only to those who plead guilty, but not to those who, like the defendant, admit to sufficient facts. We disagree. "A judge is entitled to treat an admission to sufficient facts as the functional equivalent of a guilty plea if the admission was made knowingly and voluntarily." *Commonwealth* v. *Greene,* 400 Mass. 144, 145-146 (1987). See *Commonwealth* v. *Duquette,* 386 Mass. 834, 841-843 (1982); *Commonwealth* v. *Villalobos,* 437 Mass. 797, 800-801 (2002). No Massachusetts appellate court, however, has determined whether admitting to sufficient facts is the functional equivalent of a guilty plea in the circumstances of treating a nonjurisdictional defect in the complaint as waived if it is not raised before admitting to sufficient facts. We see no compelling reason to create a distinction in this

---

[7]In *Commonwealth* v. *Batista,* 465 Mass. at 1008-1009, the District Court judge did not impose CPSL on the defendant, even though the statute mandated CPSL, and the Commonwealth, by petitioning the Supreme Judicial Court to compel the trial judge to correct the sentence, was in the position of appellant. Because it was the Commonwealth that appealed the sentence, the defendant was permitted to "raise any ground evident in the record to support his position," including that the complaint was insufficient. *Id.* at 1009. The conclusion in *Batista* was based on the unique procedural posture of the case, and it did not purport to limit the general rule, as discussed in *Commonwealth* v. *Fanelli,* 412 Mass. at 500, that a guilty plea waives all nonjurisdictional defects.

[8]We pass on the question whether this claim is properly before us for failure to raise it below.

context between an admission to sufficient facts and a guilty plea. The same procedural safeguards afforded to defendants who plead guilty are also provided to defendants who admit to sufficient facts. See G. L. c. 278, § 18; *Commonwealth* v. *Duquette*, 386 Mass. at 844-846; *Commonwealth* v. *Villalobos, supra*; *Souza* v. *Registrar of Motor Vehicles*, 462 Mass. 227, 234-235 & n.6 (2012) (*Souza*). The only difference is in the court's willingness to continue the matter without entering a finding of guilt upon the requirement that the defendant comply with certain conditions.[9] Failure to comply with the conditions does not require the matter to be relitigated, because the defendant has already admitted to facts sufficient to prove guilt. A guilty verdict enters upon proof of failing to comply with the conditions, and the defendant is sentenced as if a guilty verdict had originally entered. "We provide the same procedural protections to defendants who admit to sufficient facts and those who plead guilty because if a defendant who admitted to sufficient facts were to violate his or her probation and have it revoked, a conviction would enter without a new plea hearing." *Souza*, 462 Mass. at 235 n.6, citing *Commonwealth* v. *Villalobos*, 437 Mass. at 801.

Because the procedural safeguards are identical, we conclude that the defendant's admission to sufficient facts for failing to register as a sex offender is the functional equivalent of pleading guilty to that crime for purposes of waiving nonjurisdic-

---

[9]General Laws c. 278, § 18, as appearing in St. 1992, c. 379, § 193, provides, in pertinent part:

> "[A] defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation . . . .

> "If a defendant . . . attempts to enter a plea or statement consisting of an admission of facts sufficient for finding of guilt, . . . such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section."

tional defects in the charging document.[10] Therefore, the defendant waived his right to challenge any nonjurisdictional defects, such as the deficiencies in the complaints, when he admitted to sufficient facts.

3. *Validity of CPSL imposed after a CWOF.* The defendant argues that the imposition of CPSL under G. L. c. 6, § 178H(*a*), requires a conviction, and that because he received a CWOF, CPSL was not legally imposed. The Commonwealth claims that the imposition of CPSL following a CWOF is supported by the plain language and legislative intent of the statute.

Our analysis begins with the statute itself, which provides in pertinent part:

"A person convicted under this paragraph, who has been adjudicated or convicted of any of the offenses set forth in sections 13B, 13B½, 13B¾, 13F, 22A, 22B, 22C, 23, 23A, 23B, 24B and 26 of chapter 265 . . . shall, in addition to the term of imprisonment authorized by this section, be punished by a term of community parole supervision for life, to be served under the jurisdiction of the parole board, as set forth in section 133D of said chapter 127. The sentence of community parole supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon such person by the court or upon such person's release from probation or parole supervision or upon the expiration of a continuance without a finding or upon discharge from commit-

---

[10]The procedural safeguards discussed in *Souza* are laid out more fully in Mass.R.Crim.P. 12, as appearing in 442 Mass. 1511 (2004), but we highlight some of the more important protections afforded defendants who admit to sufficient facts. First, the judge must find that the defendant admits to sufficient facts voluntarily and intelligently. See Mass.R.Crim.P. 12(a)(3). The judge must engage in a colloquy with the defendant to ensure that he or she understands the consequences of such an admission, which include the defendant's waiving the right to trial, right to confrontation, and privilege against self-incrimination. See Mass.R.Crim.P. 12(c)(3)(A). The judge must inform the defendant that he or she has a right to withdraw the plea if the judge imposes a sentence that exceeds a recommended sentence on which the plea is contingent or, in the District Court, imposes a disposition that exceeds the defendant's request. See Mass.R.Crim.P. 12(c)(2). Finally, the judge must conclude that the facts are legally sufficient to support each and every element of the crime charged. Mass.R.Crim.P. 12(c)(5)(A).

ment to the treatment center pursuant to section 9 of chapter 123A, whichever first occurs."

G. L. c. 6, § 178H(*a*)(1), second par., inserted by St. 2006, c. 139, § 26. Because the statute does not define "convicted," we interpret the term's meaning under the familiar rules of statutory construction. "We construe a statute in accord with 'the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated' . . . ." *Champigny* v. *Commonwealth*, 422 Mass. 249, 251 (1996), quoting from *Telesetsky* v. *Wight*, 395 Mass. 868, 872-873 (1985). Additionally, "a statute must be construed so that 'effect is given to all its provisions, so that no part will be inoperative or superfluous.' " *Wheatley* v. *Massachusetts Insurers Insolvency Fund*, 456 Mass. 594, 601 (2010) (*Wheatley*), quoting from *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 427 Mass. 136, 140 (1998).

The defendant argues that CPSL can be imposed only on persons who are "convicted" of failing to register, not those who receive a CWOF. See G. L. c. 6, § 178H(*a*)(1). To support his interpretation of the statute, the defendant cites several cases holding that, under various other statutes, the term "conviction" or "convicted" does not encompass a CWOF. See *Souza*, 462 Mass. at 232-233; *Commonwealth* v. *Jackson*, 45 Mass. App. Ct. 666, 670 (1998) (*Jackson*); *Commonwealth* v. *Bartos*, 57 Mass. App. Ct. 751, 755-756 (2003).

In *Souza*, the statute at issue, G. L. c. 90, § 24(1)(*f*)(1), extended the license-suspension period from six months to three years if the driver who refused a breath test had been "previously convicted" under G. L. c. 90. *Souza, supra* at 230. The Supreme Judicial Court concluded that the plaintiff's prior CWOF was not the equivalent of a conviction because the provision, G. L. c. 90, § 24(1)(*d*), that defined "conviction" for purposes of this statute[11] "confine[d] itself to a guilty plea, a

---

[11]The statute specified that the definition was for the purposes of G. L. c. 90, § 24(1).

plea of nolo contendere, a finding of guilty, or a judgment of guilty" and excluded an admission to sufficient facts and a CWOF. *Souza*, 462 Mass. at 231.[12] Similarly, in *Jackson*, 45 Mass. App. Ct. at 670-671, we concluded that the statute permitting impeachment by prior convictions, which is silent on CWOFs, did not encompass a CWOF within the word "convicted." The definition in the statute in question in *Jackson* was also specifically for purposes of that statute and was limited to "a plea of guilty or a finding or verdict of guilty." *Id.* at 668. Moreover, these cases are distinguishable because the statutes they interpreted were wholly silent on CWOFs. That is not so here.

General Laws c. 6, § 178H(*a*)(1), the statute at issue here, explicitly references CWOFs. In the second sentence of the second paragraph of subsection (1), the Legislature provides that "[t]he sentence of community parole supervision for life shall commence immediately . . . *upon the expiration of a continuance without a finding* . . ." (emphasis supplied). *Ibid.* Under the accepted rules of statutory construction, we are required to give effect to all the provisions of the statute. *Wheatley*, 456 Mass. at 601. By choosing to commence CPSL on the expiration of a CWOF, the Legislature explicitly envisioned a situation in which CPSL is imposed upon those receiving a CWOF. The defendant's interpretation, which looks only to the first sentence of the second paragraph of subsection (l), would render the portion of the subsection concerning CWOFs entirely superfluous and ineffective. See *Wheatley, supra.* In other words, if we were to construe the word "conviction" as excluding a CWOF, there would be no situation in which the term of CPSL could commence "upon the expiration of a continuance without a finding." G. L. c. 6, § 178H(*a*)(1). This we cannot do. "We are not free to ignore or to tamper with that clear expression of legislative intent." *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994). Therefore, we conclude that the Legislature intended that a conviction for the purposes of G. L. c. 6, § 178H(*a*)(1),

---

[12]The court also noted that the Legislature could have included an admission to sufficient facts in this definition because it explicitly included it in other sections of c. 90. *Id.* at 232.

include a CWOF, and that CPSL can be imposed after the expiration of a CWOF.[13]

> *Order denying motion for release from unlawful sentence affirmed.*
>
> *Order denying motion to terminate probation affirmed.*
>
> *Appeal from order vacating stay of execution of sentence dismissed as moot.*

---

[13]The Supreme Judicial Court has explained that G. L. c. 6, § 178H(*a*)(2), which establishes the punishment for a second or subsequent violation of failing to register as a sex offender, can also be disposed of in the Superior Court. The court pointed out that

> "[i]n 2006, the statute [G. L. c. 6, § 178H,] was amended in several respects. The amendments eliminated the section prohibiting prosecutions from being continued without a finding, St. 2006, c. 303, § 5, and enhanced the penalty for a 'second and subsequent conviction' by adding a further 'sentence of community parole supervision for life [to] commence immediately upon the expiration of [a prison sentence, probation, parole or] a continuance without a finding,' St. 2006, c. 139, § 27; *thus, plainly anticipating that a CWOF disposition could be imposed by a Superior Court judge in such a case*" (emphasis supplied).

*Commonwealth* v. *Powell*, 453 Mass. 320, 326 (2009). See *Commonwealth* v. *Domino*, 465 Mass. 569, 573-574 (2013) (imposition of CPSL where defendant sentenced to pay fine).