July 14, 2023

**Supreme Court**

No. 2021-332-Appeal.
(PC 19-4868)

(Concurrence and Dissent
begins on Page 13)

Enrique Sosa                    :

v.                              :

City of Woonsocket.             :

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email:    opinionanalyst@courts.ri.gov,    of    any
typographical  or  other  formal  errors  in  order  that
corrections may be made before the opinion is published.

|   |   |
|---|---|
| Enrique Sosa | : |
| v. | : |
| City of Woonsocket. | : |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on May 10, 2023, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendant, the City of Woonsocket (defendant or city), appeals from a judgment in favor of the plaintiff, Enrique Sosa, declaring that the city terminated the plaintiff's employment from the Woonsocket Police Department in violation of G.L. 1956 § 42-28.6-4 of the Law Enforcement Officers' Bill of Rights (LEOBOR), and ordering the defendant to comply with the procedural requirements of LEOBOR if

it wished to terminate the plaintiff's employment. After considering the parties' written and oral submissions and reviewing the record, we are satisfied that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons stated herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

On September 12, 2018, plaintiff was involved in a domestic disturbance at the home of a former girlfriend of his in Uxbridge, Massachusetts; he was arrested and charged with felony breaking and entering, felony assault with a dangerous weapon, and assault on a family/household member. At the time of his arrest, plaintiff was employed as a permanent full-time law enforcement officer by the city, and was off duty at the time of these offenses. In accordance with LEOBOR, plaintiff was suspended without pay on September 13, 2018.

On January 4, 2019, plaintiff appeared in Uxbridge District Court to respond to the charges.[1] At that hearing, plaintiff admitted to a recitation of the facts of the charged offenses as recounted by the prosecutor. In exchange for this admission, the case was continued without a finding for one year. The plaintiff was ordered to

---

[1] There is some confusion in the record regarding the date that plaintiff appeared in Uxbridge District Court to respond to the charges against him. The transcript of that court appearance states that the hearing took place on January 14, 2019. The plaintiff's criminal docket however, as well as his pleadings and termination letter, denote the date as January 4, 2019.

continue with his substance-abuse counseling program, provide alcohol-free screens, and complete a batterers' intervention program.

By letter dated April 3, 2019, the city informed plaintiff that his employment was terminated effective immediately. The letter indicated that said termination was a result of his plea in Uxbridge District Court, in accordance with § 42-28.6-13(i), which declares:

> "Any law enforcement officer who pleads guilty or no contest to a felony charge or whose conviction of a felony has, after or in the absence of a timely appeal, become final may be dismissed by the law enforcement agency and, in the event of such dismissal, other provisions of this chapter shall not apply."

The plaintiff filed this action on April 17, 2019, asserting that he "did not plead guilty nor did he plead no contest to any felony charge made against him." He averred that defendant failed and/or refused to provide him with his written notice and hearing rights as set forth in § 42-28.6-4.[2] He acknowledged that he was charged

---

[2] General Laws 1956 § 42-28.6-4(a) provides in part:

> "If the investigation or interrogation of a law enforcement officer results in the recommendation of some action, such as demotion, transfer, dismissal, loss of pay, reassignment, or similar action which would be considered a punitive measure, then, before taking such action, the law enforcement agency shall give notice to the law enforcement officer that he or she is entitled to a hearing on the issues by a hearing committee."

with felony crimes on September 13, 2018, which resulted in his suspension without pay and benefits pursuant to § 42-28.6-13(g).[3] The plaintiff argued, however, that he was not convicted, nor did he plead guilty or no contest, to a felony within the meaning of § 42-28.6-13(i). He noted that, after his admission of sufficient facts before the Uxbridge District Court judge, the Assistant District Attorney requested that a "guilty" finding be made by the court, and, further, that if granted by the court, the provisions of § 42-28.6-13(i) would have been triggered as plaintiff "would have tendered a plea of 'guilty' or 'no contest' and a conviction would have entered." The court, however, declined to do so and continued the matter without a finding for one year.

---

[3] Pursuant to § 42-28.6-13(g):

> "Any law enforcement officer who is charged, indicted or informed against for a felony or who is convicted of and incarcerated for a misdemeanor may be suspended without pay and benefits at the discretion of the agency or chief or highest ranking sworn officers; provided, however, that the officer's entitlement to medical insurance, dental insurance, disability insurance and life insurance as is available to all other officers within the agency shall not be suspended. In the event that the law enforcement officer is acquitted of any felony related thereto, the officer shall be reinstated and reimbursed forthwith for all salary and benefits that have not been paid during the suspension period."

The plaintiff argued that Massachusetts law allows "a defendant to offer an admission of facts along with a request that the matter be continued without such a finding or specific terms or probation" and that, in the case at bar, he "merely tendered a plea that there were sufficient facts to support the allegations against him." He asserted that "[a]n admission to sufficient facts followed by a continuance without a finding is not a conviction under Massachusetts law * * *." The plaintiff claimed that this disposition was similar to a pretrial diversion program, and that defendant "has improperly conflated the 'admission to sufficient facts and continued without a finding' procedures within the meaning of Mass. Gen. Laws Chap. 278 Section 18, to that of the 'plea of guilty or no contest' provisions of * * * § 42-28.6-13(i)."

According to plaintiff, he successfully complied with the conditions imposed by the Uxbridge District Court, and he asserted that the criminal charges were "ripe for dismissal on January 4, 2020." On January 3, 2020, the Uxbridge District Court dismissed the criminal charges against plaintiff on the recommendation of the probation department.

A hearing on the instant case was held in Superior Court on February 18, 2020. The city argued that plaintiff's admission to sufficient facts, and his subsequent signing of the plea form, were equivalent to a plea of no contest to the felony charges. It was the city's contention that a conviction was not required for termination

pursuant to § 42-28.6-13(i), and it argued that plaintiff's plea in Massachusetts was sufficient to trigger this section of the law. According to the city, the fact that the proceeding resulted in the case having been dismissed after one year had no bearing on his plea. The city contended that in Rhode Island, "if you plead and are not convicted, you can still be dismissed" under § 42-28.6-13(i).[4]

A decision was filed by the Presiding Justice of the Superior Court on March 27, 2020. She found that "Rhode Island has no functional equivalent of an admission to sufficient facts followed by a continuation without a finding." She declared that "an admission to sufficient facts is not the automatic equivalent of a guilty plea * * *." She noted, however, that for purposes of procedural protections and statutory interpretation, such an admission is treated the same. The Presiding Justice found no evidence that the "Uxbridge District Court intended to treat [p]laintiff's admission as the functional equivalent of a guilty plea." She further declared that "[p]laintiff's signed plea [did] not have any indication of guilt" and "that the charges against him were ripe for dismissal as of January 4, 2020."

The Presiding Justice concluded that "[d]efendant was not entitled to terminate [p]laintiff's employment under § 42-28.6-13(i)" and "therefore failed to provide [p]laintiff with the requisite pre-termination notice under § 42-28.6-4(b) and

---

[4] Because we are deciding this case on the basis of the law of the forum state, we need not and do not address the correctness of this contention.

- 6 -

a pre-termination hearing before the hearing committee pursuant to §§ 42-28.6-5 and 42-28.6-6."[5]

An order was entered on April 13, 2020, that declared that "the termination of the employment of [plaintiff] by the [d]efendant * * * was unlawful in violation of * * * § 42-28.6-4 of the [LEOBOR]" and that "[d]efendant [was] hereby ordered to comply with the procedural requirements of the LEOB[O]R if it wishe[d] to terminate [p]laintiff's employment."  The defendant appealed.

**Standard of Review**

"This Court reviews 'questions of statutory interpretation *de novo*.'" *Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 589 (R.I. 2018) (quoting *State v. Hazard*, 68 A.3d 479, 485 (R.I. 2013)).  "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id*. at 589-90 (quoting *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001)).  "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id*. at 590 (quoting *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012)).

---

[5] Section 42-28.6-5, entitled "Conduct of hearing," and § 42-28.6-6, entitled "Evidence at hearing—Hearing record[,]" delineate the process by which LEOBOR hearings are conducted.

"It is an equally fundamental maxim of statutory construction that statutory language should not be viewed in isolation." *In re Brown*, 903 A.2d 147, 149 (R.I. 2006). "When performing our duty of statutory interpretation, this Court 'consider[s] the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" *Id.* (quoting *Sorenson v. Colibri Corp.*, 650 A.2d 125, 128 (R.I. 1994)).

**Analysis**

The first issue we must address is whether the Superior Court had jurisdiction to issue declaratory relief in the case at bar. The defendant argues that, because plaintiff "failed to name as interested parties the City of Woonsocket (Sosa's employer), or the Director of Woonsocket's Department of Public Safety ('DPS') and Police Chief," the Superior Court lacked jurisdiction to entertain this case. In its answer to plaintiff's complaint, defendant raised, as an affirmative defense, plaintiff's failure to join "indispensable and required parties for the declarations and relief sought * * *." We have held that "[a]ll parties who have an interest that would be affected by a declaration are indispensable and must be joined in a declaratory judgment action." *Meyer v. City of Newport*, 844 A.2d 148, 152 (R.I. 2004).

The defendant argues that plaintiff's complaint names "The City of Woonsocket Police Department[,]" which is a division within Woonsocket's Public

Safety Department, and not a separate entity "that may be independently sued without naming the municipality and/or its DPS and Police Chief." Rule 10(a) of the Superior Court Rules of Civil Procedure states, in part, that "[i]n the complaint the title of the action shall include the names of all the parties * * *." While the caption of plaintiff's complaint is entitled "City of Woonsocket Police Department," the body of the complaint names "The Defendant City of Woonsocket * * * a municipal corporation and body politic located in Providence County * * *."[6] We therefore conclude that the city was properly named as a defendant and the Superior Court had authority to proceed.

Turning to defendant's primary argument, the city contends that plaintiff's admission to sufficient facts, and plea under Mass. Gen. Laws ch. 278, § 18, equates to a plea of no contest to a felony charge under § 42-28.6-13(i) of LEOBOR, justifying immediate termination of employment. Rhode Island does not have a statute or court rule that permits the type of felony disposition that occurred in this case. The relevant part of Mass. Gen. Laws ch. 278, § 18 states:

> "A defendant who is before * * * a district court * * * on
> a criminal offense within the court's final jurisdiction shall
> plead not guilty or guilty, or with the consent of the court,
> nolo contendere. Such plea of guilty shall be submitted by
> the defendant and acted upon by the court; provided,

---

[6] We note that plaintiff's complaint alleged that he had received written notice of termination of employment from Mark W. Ferguson, Personnel Director for the City of Woonsocket. Further, in plaintiff's prayer for relief, he asked the court to "[o]rder *the City of Woonsocket* to reinstate [his] employment * * *." (Emphasis added.)

- 9 -

however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request *that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed*, such continuance conditioned upon compliance with specific terms and conditions * * *." (Emphasis added.)

Thus, we are called upon to determine whether plaintiff's admission to sufficient facts made pursuant to Mass. Gen. Laws ch. 278, § 18 constitutes a plea of guilty or nolo contendere under § 42-28.6-13(i). We conclude that it does not.

Because, as the Presiding Justice correctly found, Rhode Island "has no functional equivalent of an admission to sufficient facts followed by a continuation without a finding[,]" we confine our analysis to Massachusetts law. In the Commonwealth of Massachusetts, "[a]n admission to sufficient facts followed by a continuance without a finding is not a 'conviction' under Massachusetts law." *Commonwealth v. Villalobos*, 777 N.E.2d 116, 120 (Mass. 2002). In the case of an admission to sufficient facts, the case remains pending and is continued "conditioned upon compliance with specific terms and conditions * * *." Mass. Gen. Laws ch. 278, § 18. "However, in the event of a violation of those conditions, the 'admission' remains and may ripen into an adjudication of guilt and imposition of sentence." *Villalobos*, 777 N.E.2d at 120. The Supreme Judicial Court of Massachusetts has

- 10 -

explained that "one of the purposes underlying the disposition of continuance without a finding is to allow a deserving defendant to 'avoid[ ] the consequences of having a criminal conviction.'" *Id.* (quoting *Commonwealth v. Pyles*, 672 N.E.2d 96, 99 n.7 (Mass. 1996)). After a defendant admits to sufficient facts, the matter is continued "without entering a finding of guilt upon the requirement that the defendant comply with certain conditions." *Commonwealth v. Berrios*, 998 N.E.2d 782, 786 (Mass. App. Ct. 2013). However, should the defendant fail to comply with these conditions, "the defendant has already admitted to facts sufficient to prove guilt." *Id.* "A guilty verdict enters upon proof of failing to comply with the conditions * * *." *Id.* The sentence is then imposed. *See id.*

We note that the Supreme Judicial Court has opined that a judge in Massachusetts "is entitled to treat an admission to sufficient facts as the functional equivalent of a guilty plea if the admission was made knowingly and voluntarily." *Commonwealth v. Greene*, 508 N.E.2d 93, 94 (Mass. 1987). As the Presiding Justice aptly noted in her decision, "this equivalence is generally within the context of procedural due process requirements, where the Massachusetts courts seek to ensure that defendants pleading to admission of sufficient facts receive the same rights as those pleading guilty or no contest." *See, e.g.*, *Greene*, 508 N.E.2d at 94 (addressing whether an admission of sufficient facts is the functional equivalent of a guilty plea for the limited purpose of determining if defendant waived nonjurisdictional

- 11 -

defects).  We agree with the Presiding Justice's determination that "an admission to sufficient facts is not the *automatic* equivalent of a guilty plea but can be equated by the Massachusetts courts" to a guilty plea under certain circumstances, such as the determination of waiver of one's rights. (Emphasis added.)

Although "[a] judge is entitled to treat an admission to sufficient facts as the functional equivalent of a guilty plea if the admission was made knowingly and voluntarily[,]" *Greene*, 508 N.E.2d at 94, in the present case the judge did not do so. *See Commonwealth v. Nydam*, 484 N.E.2d 642, 643 (Mass. App. Ct. 1985) ("[T]he judge failed to explain to the defendant that he (the judge) would be entitled to treat admissions of sufficient facts as the functional equivalents of pleas of guilty * * * and that if he should decide to find the defendant guilty (as he subsequently did), the defendant would be precluded from appellate review of any pretrial rulings * * *.").

The record demonstrates that at plaintiff's hearing, the court continued the matter for one year without a finding and imposed specific conditions.  The plaintiff maintains that he complied with all the specific terms and conditions imposed upon him by the Uxbridge District Court, and the city does not contend otherwise. Because he complied with those conditions, his admission to sufficient facts never "ripen[ed] into an adjudication of guilt and imposition of sentence." *Villalobos*, 777 N.E.2d at 120.  The case was dismissed.

As a result, we conclude that, under the circumstances of this case, plaintiff's admission to sufficient facts does not qualify as a plea of guilty or no contest pursuant to § 42-28.6-13(i). Having reached this conclusion, we need go no further.

Accordingly, we are of the opinion that the Presiding Justice correctly determined that the city was not entitled to terminate the plaintiff's employment under § 42-28.6-13(i) and improperly deprived him of the requisite notice and hearing.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

**Justice Long, with whom Justice Lynch Prata joins, concurring in part and dissenting in part.** I join the majority with respect to its conclusion that the City of Woonsocket was properly named as a defendant, and that the Superior Court had jurisdiction to proceed. Nevertheless, I believe that the plea that Officer Sosa entered in Uxbridge District Court pursuant to Mass. Gen. Laws ch. 278, § 18 is equivalent to a no-contest plea for purposes of LEOBOR. Therefore, I respectfully dissent.

In conducting a *de novo* review of LEOBOR, I certainly agree that the "ultimate goal is to give effect to the purpose of the act as intended by the

Legislature." *Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 589-90 (R.I. 2018) (quoting *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001)). Moreover, although this Court must apply the plain and ordinary meaning to the words used in the statute, the Court will not do so "in a way that would result in absurdities or would defeat the underlying purpose of the enactment." *O'Connell v. Walmsley*, 156 A.3d 422, 428 (R.I. 2017) (quoting *Commercial Union Insurance Co. v. Pelchat*, 727 A.2d 676, 681 (R.I. 1999)). In fact, because LEOBOR is a remedial statute, this Court interprets it "liberally to effectuate its purposes." *Ricci v. Rhode Island Commerce Corporation*, 276 A.3d 903, 906-07 (R.I. 2022) (quoting *In re Tavares*, 885 A.2d 139, 146 (R.I. 2005)).

Given these principles of statutory interpretation, it is imperative that this Court consider the purpose of LEOBOR. Enacted in 1976, LEOBOR is the "exclusive remedy for permanently appointed law enforcement officers who are *under investigation or subject to interrogation* by a law enforcement agency for any reason which could lead to disciplinary action, demotion[,] or dismissal." *Lynch v. King*, 120 R.I. 868, 870 n.1, 391 A.2d 117, 119 n.1 (1978) (emphasis added). Its goal is "to protect police officers from *infringements of their rights in the course of investigations* into their alleged improper conduct." *In re Sabetta*, 661 A.2d 80, 83 (R.I. 1995) (emphasis added) (quoting *In re Denisewich*, 643 A.2d 1194, 1196 (R.I. 1994)); *see generally* Byron L. Warnken, *The Law Enforcement Officers' Privilege*

- 14 -

*Against Compelled Self-Incrimination*, 16 Univ. Balt. L. Rev. 452, 453-59, 490-92 (1987) (discussing failed attempts to enact a federal law enforcement officers' bill of rights in the 1970s in an effort to balance police officers' Fifth Amendment privilege and the need for accountability from police officers). The statute accomplishes this goal by guaranteeing certain rights during the conduct of investigations, *see, e.g.*, G.L. 1956 § 42-28.6-2(13) ("No law enforcement officer shall be compelled to speak or testify before, or be questioned by, any non-governmental agency."), and by providing notice and an opportunity for a hearing prior to the imposition of discipline. *See* § 42-28.6-4(a).[1]

Notwithstanding these protections, however, LEOBOR also provides that, in certain limited circumstances, a law enforcement agency may dismiss an officer

---

[1] General Laws 1956 § 42-28.6-4(a) provides:

> "If the investigation or interrogation of a law enforcement officer results in the recommendation of some action, such as demotion, transfer, dismissal, loss of pay, reassignment, or similar action which would be considered a punitive measure, then, before taking such action, the law enforcement agency shall give notice to the law enforcement officer that he or she is entitled to a hearing on the issues by a hearing committee. The law enforcement officer may be relieved of duty subject to § 42-28.6-13 of this chapter, and shall receive all ordinary pay and benefits as he or she would have if he or she were not charged."

without providing notice and an opportunity for a hearing. Section 42-28.6-13(i) states:

> "Any law enforcement officer who pleads guilty or no contest to a felony charge or whose conviction of a felony has, after or in the absence of a timely appeal, become final may be dismissed by the law enforcement agency and, in the event of such dismissal, other provisions of this chapter shall not apply."

The language of § 42-28.6-13(i) is precise and its connection to § 42-28.6-4(a) is unambiguous. Under the plain and ordinary meaning of the statute, a law enforcement officer is not entitled to the procedural protections of notice and a hearing prior to dismissal when the officer has entered a plea of guilty or no contest to a felony charge, *or* when the officer has been convicted of a felony and the conviction has become final. This makes sense: The procedural protections in place during an investigation and prior to the imposition of discipline are no longer necessary once a law enforcement officer appears in court and either formally admits to having committed a felony by way of a guilty plea, or impliedly confesses to having committed a felony by way of a plea of nolo contendere. The procedural protections are also no longer necessary once there has been an adjudication of guilt that has become final. In those instances, the plea or final conviction moots the need to investigate the alleged improper conduct.

On April 17, 2019, Officer Sosa filed a complaint in Providence County Superior Court acknowledging that he entered a plea pursuant to Mass. Gen. Laws

- 16 -

ch. 278, § 18 in Uxbridge District Court after he was "involved in a domestic disturbance" and charged with three felonies: breaking and entering, assault on a family member/household member, and assault with a dangerous weapon. Massachusetts General Laws chapter 278, section 18 provides:

> "A defendant who is before * * * a district court * * * on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of section eighty-seven of chapter two hundred and seventy-six. If such a plea, with an agreed upon recommendation or with a dispositional request by the defendant, is tendered, the court shall inform the defendant that it will not impose a disposition that exceeds the terms of the agreed upon recommendation or the dispositional request by the defendant, whichever is applicable, without giving the defendant the right to withdraw the plea.

> "If a defendant, notwithstanding the requirements set forth hereinbefore, attempts to *enter a plea or statement consisting of an admission of facts sufficient for finding of guilt*, or some similar statement, *such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section*." (Emphasis added.)

Based on the transcript of the January 2019 hearing in Uxbridge District Court, which Officer Sosa submitted to the Superior Court, it is clear that he appeared before the district court with counsel, was duly sworn, and tendered a plea or admission of facts sufficient for a finding of guilt on the three felony counts charged. The transcript reveals the following exchange:

> "[PROSECUTOR]: Uxbridge Police Department, on September 13 of this year, about 2 A.M., officers were dispatched to 700 Aldrich Street for a report of a female on a neighbor's porch bleeding from her hand asking for help, saying that she had an argument with her boyfriend and she had been hurt. The female was later identified as a Kristina Langille, and the Defendant was identified as Mr. Sosa, the Defendant before the court.
>
> "During the conversation with Ms. Langille, she stated she had been out drinking at the Green Room, a local bar; and when she came home, she thought she heard someone on the first floor of her home. She grabbed a knife for protection. She originally thought it was her cats.
>
> "As she was walking around the first floor, she then saw Mr. Sosa come out of the closet and start yelling at her, asking why she'd been at the Green Room. She was — stated she was fearful because he took the knife out of her hand. When he took the knife out of her hand, it cut her hand, Judge. At that point he pointed it towards himself.
>
> "She attempted to call 911; but due to the blood on her hands, she couldn't get the face screen on her phone to work. She then ran to a neighbor's home. He followed her to the neighbor's home but stayed back about 20 yards. When officers arrived, he identified himself and was cooperative with the police. He was charged with breaking and entering into her home, the assault and

battery on her, as well as the assault with a dangerous weapon.

"THE COURT: Is that what happened, sir?

"* * *

"[OFFICER] SOSA: Yes, sir."

Under Massachusetts law, an admission to sufficient facts, as the one Officer Sosa provided, "triggers the same safeguards required when a defendant offers to plead guilty." *Tirado v. Board of Appeal on Motor Vehicle Liability Policies and Bonds*, 34 N.E.3d 334, 339 (Mass. 2015) (quoting *Commonwealth v. Lewis*, 506 N.E.2d 891, 892 (Mass. 1987)). For example, the trial justice is required to "conduct a hearing to determine the voluntariness of a plea or admission and the factual basis of the charge." *Id*. (emphasis omitted) (quoting Mass. R. Crim. P. 12(c)(5)). The procedure mirrors the requirement that, in the event of a guilty or no contest plea, Rhode Island trial justices must "first address[] the defendant personally and determin[e] that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea" and be "satisfied that there is a factual basis" before accepting a guilty plea. Super. R. Crim. P. 11.[2]

---

[2] Both Rhode Island and Massachusetts mandate that a defendant be informed that "a plea of guilty or nolo contendere may affect his or her immigration status." General Laws 1956 § 12-12-22(a); *Commonwealth v. Villalobos*, 777 N.E.2d 116, 119 (Mass. 2002). Although the Massachusetts statute only mentions the need for such an advisory in the case of a "plea of guilty or nolo contendere," the Massachusetts Supreme Judicial Court has read the statute to include admissions of facts sufficient for a finding of guilt. *Villalobos*, 777 N.E.2d at 119.

The transcript submitted by Officer Sosa demonstrates that his plea pursuant to Mass. Gen. Laws ch. 278, § 18 triggered the safeguards applicable to a guilty plea, and that the trial judge of the Uxbridge District Court proceeded accordingly. Specifically, the judge queried Officer Sosa about his age, level of educational attainment, and whether he had any mental health problems or had recently consumed any drugs or alcohol. He then informed Officer Sosa of his right to a jury trial and asked whether Officer Sosa understood those rights and was acting voluntarily. The judge also informed Officer Sosa of the possible immigration consequences of the plea and concluded the hearing by continuing the matter for one year without a finding, but ordering Officer Sosa to participate in outpatient counseling and batterers' intervention, to receive screens, and to remain alcohol free. Officer Sosa signed a waiver of rights and alien rights notice form, and the trial judge certified that he found, "after a colloquy with the defendant [(Officer Sosa)], that the defendant has knowingly, intelligently, and voluntarily waived all of the rights as explained during these proceedings and as set forth in this form."

When reading LEOBOR liberally to effectuate its purpose as a remedial statute, it is clear that the Legislature intended for Officer Sosa to enjoy extensive procedural protections once he was charged with criminal offenses. *See* § 42-28.6-2-13. The record reveals that Officer Sosa did, in fact, enjoy many procedural protections of LEOBOR: upon his arrest, the city took limited disciplinary action by

suspending him without pay, but with access to benefits, while the investigation was pending. *See* § 42-28.6-13(g). The city took the further action of dismissal only after Officer Sosa appeared before the Uxbridge District Court, was sworn, and admitted to the proffer by the prosecutor. Thus, he received the procedural protections of LEOBOR up to the point when he admitted in court to "facts that would demonstrate that he * * * had violated or failed to comply with the law." *Tirado*, 34 N.E.3d at 339. Thereafter, however, he was not entitled to further procedural protections under LEOBOR. *See* § 42-28.6-13(i); *Tirado*, 34 N.E.3d at 340 ("Indeed, it is illogical to conclude that a defendant could receive the disposition of a [continuance without a finding] without first admitting to sufficient facts that satisfied the judge that he or she was guilty."). His admission to the facts proffered by the prosecutor was equivalent to an implied confession of guilt by way of a plea of nolo contendere under § 42-28.6-13(i) and mooted the need to investigate his misconduct prior to dismissal; to read the plain language of § 42-28.6-13(i) otherwise would be to read it "in a way that would result in absurdities or would defeat the underlying purpose of the enactment." *O'Connell*, 156 A.3d at 428 (quoting *Commercial Union Insurance Co.*, 727 A.2d at 681).

It is my opinion that because Officer Sosa "enter[ed] a plea or statement consisting of an admission of facts sufficient for [a] finding of guilt" of three felony charges, pursuant to Mass. Gen. Laws ch. 278, § 18, he is not entitled to the

procedural protections of notice and a hearing prior to dismissal.  Accordingly, I would reverse the decision of the trial justice, vacate the judgment of the Superior Court in favor of Officer Sosa, and uphold the city's dismissal of Officer Sosa following the entry of his plea in January 2019.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Enrique Sosa v. City of Woonsocket. |
| **Case Number** | No. 2021-332-Appeal. (PC 19-4868) |
| **Date Opinion Filed** | July 14, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Presiding Justice Alice Bridget Gibney |
| **Attorney(s) on Appeal** | For Plaintiff: John R. Grasso, Esq. |
| | For Defendant: Timothy C. Cavazza, Esq. |